SHELDON M. LOOMER, APPELLANT, v. REBECCA H. LOOMER, APPELLEE.

FILED MARCH 8, 1905.  No. 13,721.

Evidence: SUFFICIENCY. An examination of the evidence shows that the plaintiff failed to produce a preponderance thereof in support of the grounds alleged for a divorce, and the judgment of the district court dismissing the action is affirmed.

APPEAL from the district court for Dawes county: WILLIAM H. WESTOVER, JUDGE. *Affirmed.*

*A. W. Crites,* for appellant.

*Allen G. Fisher, contra.*

AMES, C.

This is an action brought by a husband to obtain a divorce on the ground of extreme cruelty. The answer is, in substance, a general denial. The plaintiff appeals from a judgment dismissing his suit. At the time the action was begun both parties were in their 71st year of age, and the marriage, which took place after about six months of such acquaintance as was formed by written correspondence across half the width of the continent, had endured about a year and a half. That the union did not prove a happy one is abundantly proved by the record and is not the occasion of surprise. There were frequent disagreements and altercations between the parties, culminating, in one instance, in the defendant slapping the plaintiff in the face in the presence of bystanders. The blow, which was with the bare hand, was not a heavy one and was the cause of no physical injury, and just what provocation there was for it, if any, or how the quarrel begun or led up to it, the parties do not agree, and there were no witnesses produced on the trial to prove. That the plaintiff suffered, as he contends that he did, a very

severe sense of humiliation therefrom, the circumstances and antecedents, being such as he admits them to have been, do not lead us to believe. The only other charge of sufficient gravity to deserve consideration, if indeed it does so, relates to certain alleged breaches of complaisance which are denied by the defendant, and which, and their attendant circumstances, if they occurred, were of such nature as to preclude knowledge of them by third persons. A more particular description of them cannot with propriety be spread upon the pages of an official publication, and it is our opinion they are of such a character that decency excuses the court from making inquiry concerning them. It must suffice to say that the burden of proof is upon the plaintiff, and that after a careful examination of the record we concur with the opinion of the trial court that the former has not produced the required preponderance of the evidence.

We therefore recommend that the judgment of the district court be affirmed.

LETTON and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, it is ordered that the judgment of the district court be

AFFIRMED.