JOHN M. SPRAY, APPELLANT, v. LEILA MAE SPRAY, APPELLEE.
57 N. W. 2d 926

Filed April 10, 1953. No. 33255.

*Max Kier,* for appellant.

*Van Pelt, Marti & O'Gara, Robert D. McNutt,* and *Johnston & Grossman,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

YEAGER, J.

This action as instituted was one for divorce by John M. Spray, plaintiff and appellant, against Leila Mae Spray, defendant and appellee. The defendant filed an answer and cross-petition. By the cross-petition she asked for a decree of separate maintenance. A trial was had and during the trial the defendant amended the prayer of her cross-petition and asked that a decree of divorce be granted to her.

At the conclusion of the trial a decree of divorce in favor of plaintiff was denied. The defendant was granted a divorce from the plaintiff. A division of property was decreed and there was an award of alimony. Also, there being minor children of the parties, the custody of the children was awarded to the defendant and an award was made for their support.

A motion for new trial was filed by the plaintiff which was duly overruled. From the decree and the order overruling the motion for new trial he has appealed.

One of the assignments of error is that the court erred in failing to grant the relief prayed in plaintiff's petition and another is that the court erred in awarding the defendant an absolute divorce. A third is that the court erred in finding that there was sufficient corroboration to sustain a decree for the defendant. There are numerous other assignments but these require first consideration.

The grounds for divorce as set forth in the petition

are acts of cruelty practiced upon the plaintiff by the defendant. The grounds of the cross-petition are acts of cruelty practiced upon defendant by the plaintiff.

To sustain his petition the plaintiff testified at great length in his own behalf. In this testimony he related a large number of instances which if supported and accepted as true, and assuming that he was free from fault, might be regarded as sufficient upon which to base a decree in his behalf. However in the light of the record they may not be accepted as sufficient.

Nothing of consequence to which he testified stands corroborated.

Section 42-335, R. R. S. 1943, provides: "No decree of divorce and of the nullity of a marriage shall be made solely on the declaration, confessions or admissions of the parties, but the court shall, in all cases, require other satisfactory evidence of the facts alleged in the petition for that purpose."

This provision of statute has been approved and applied by this court on numerous occasions. See, Haines v. Haines, 79 Neb. 684, 113 N. W. 125; Christensen v. Christensen, 144 Neb. 763, 14 N. W. 2d 613; Nuss v. Nuss, 148 Neb. 417, 27 N. W. 2d 624; Parker v. Parker, 155 Neb. 325, 51 N. W. 2d 753.

The record here contains admissions by the defendant of some of the acts of cruelty charged against her by the plaintiff, but within the meaning of the statute and in line with interpretations made by this court these admissions may not be regarded as corroboration. O'Reilly v. O'Reilly, 120 Neb. 720, 234 N. W. 916; Hudson v. Hudson, 151 Neb. 210, 36 N. W. 2d 851; Kroger v. Kroger, 153 Neb. 265, 44 N. W. 2d 475; Peterson v. Peterson, 153 Neb. 727, 46 N. W. 2d 126.

It is urged that interpretative observations contained in opinions of this court such as, that it is impossible to lay down a general rule as to the degree of corroboration required as each case must be decided on its own facts and circumstances, imply that a more liberal attitude

should be taken toward the matter of corroboration in a contested case than one wherein there is no contest. See, Brown v. Brown, 146 Neb. 908, 22 N. W. 2d 148; Green v. Green, 148 Neb. 19, 26 N. W. 2d 299; Kroger v. Kroger, *supra*. We are not convinced that any such implications may reasonably be said to flow from previous expression. If they do they are in conflict with the evident purpose of the statute.

One purpose was to place a check upon the integrity of a person ex parte seeking relief from the obligations of the marriage relation. The other was to prevent two people dissatisfied with the burdens of their marriage relation, by agreement and connivance and without legal reason, from obtaining relief from their circumstances through the courts.

In any event no warrant is found in decision or statute for this court, in a contested divorce case, to disregard and render for naught the statute requiring that the evidence of a party shall be corroborated by other satisfactory evidence.

It follows therefore that the court did not err in failing to grant the relief prayed in plaintiff's petition.

On the same theory on which it has been concluded that the plaintiff was not entitled to a decree in his favor it must be said that the defendant is not entitled to a decree in her favor. The testimony of none of her witnesses corroborates any act of cruelty charged against the plaintiff. The testimony of these witnesses extolls the virtues of the defendant but at no point does any witness relate any incident or incidents which could if proved be regarded as cruelty sufficient upon which to warrant the granting of a decree of divorce.

Clearly the decree in favor of defendant cannot be sustained.

This conclusion renders unnecessary a consideration of the other assignments of error.

The decree insofar as it denies a decree of divorce to plaintiff is affirmed. To the extent that it grants a

divorce to defendant and to the extent that it awards a division of property, child support, and custody, it is reversed. To the extent that it awards a fee for the attorney for the defendant, it is affirmed. An additional fee in the amount of $500 is allowed for services in this court for the attorney for defendant. The costs in the district court and in this court are taxed to the plaintiff.

The cause is remanded to the district court with directions to decree accordingly, without prejudice however to the right of the defendant, on appropriate pleadings, to proceed as for separate maintenance.

AFFIRMED IN PART, AND IN PART REVERSED
AND REMANDED WITH DIRECTIONS.