REA HINES, APPELLEE, v. PURCY J. HINES, APPELLANT.

58 N. W. 2d 505

Filed May 15, 1953. No. 33294.

*William S. Padley*, for appellant.

*Smith Brothers*, for appellee.

Heard before CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CARTER, J.

This is a suit for a divorce brought by Rea Hines against Purcy J. Hines. Defendant denied the allegations of the petition and filed a cross-petition praying that a divorce be granted to him. The trial court found for the plaintiff and granted her a divorce, alimony, and costs. Defendant appeals.

The parties were married at Grand Island, Nebraska, on May 11, 1951. Plaintiff was a resident of Kentucky at the time of the marriage, 55 years of age, and had been previously married. Defendant was a resident of Dawson County, Nebraska, 61 years of age, and had been married twice previously. Plaintiff alleges cruelty as grounds for divorce in that defendant refused to provide her with adequate funds, refused to take her to entertainments or introduce her to his neighbors and friends, refused to permit her to visit her relatives who lived nearby, and induced a nervous condition by his continual arguing and sulking over these matters. The defendant in his cross-petition alleges that plaintiff carried on a continual course of arguing and nagging, that she left the home in a rage on several occasions, and deported herself in public in such a manner as to embarrass defendant before his friends and neighbors.

Each party recites facts in support of his respective allegations. We fail to find any competent evidence in the record, however, to corroborate the allegations of cruelty by either.

The grounds for a divorce are statutory. It is provided by section 42-335, R. R. S. 1943, that no decree of divorce and of the nullity of a marriage shall be made solely on the declaration, confessions, or admissions of the parties, but the court shall, in all cases, require other satisfactory evidence of the facts alleged in the petition for that purpose. This statute means that corroborative evidence is required of the acts or conduct asserted as grounds for a divorce. Other witnesses were called and examined in the present case, but not one, nor all col-

lectively, supports the elements necessary to be established to entitle either to a divorce. A divorce case is tried de novo in this court and we are familiar with the rule that where the evidence is in irreconcilable conflict, this court will, in determining the weight of the evidence, consider the fact that the trial court saw and heard the witnesses and accepted one version of the facts over the other. Hild v. Hild, 135 Neb. 896, 284 N. W. 730; Killip v. Killip, 156 Neb. 573, 57 N. W. 2d 147. But this rule does not operate to eliminate the necessity for evidence corroborating the facts essential to the obtaining of a divorce.

The degree of corroboration required in a divorce suit necessarily relates itself to the facts of the particular case. But where there is no evidence which corroborates a statutory ground for divorce a case is not made and a divorce must be denied. Spray v. Spray, 156 Neb. 774, 57 N. W. 2d 926.

The record fails to disclose any evidence corroborating the allegations and testimony of either party that would entitle either to a divorce within the requirements of the controlling statute. The trial court therefore erred in granting a divorce to the plaintiff and in entering a decree for alimony and a division of the property.

The decree of the district court is reversed and the petition of plaintiff and the cross-petition of the defendant are dismissed.

REVERSED AND DISMISSED.