MYRTLE PESTEL, APPELLANT, V. BERNHARD PESTEL,
APPELLEE.

64 N. W. 2d 299

Filed April 30, 1954.   No. 33500.

*T. L. Grady,* for appellant.

*Deutsch & Jewell,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE,
YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

MESSMORE, J.

The plaintiff, Myrtle Pestel, brought this action seeking
a divorce from the defendant, Bernhard Pestel, alleging
extreme cruelty and praying for an absolute divorce, an
allowance of alimony, suit money, and attorney's fees.
The defendant's answer, after admitting certain facts
in the petition, denied generally the allegations of ex-
treme cruelty contained therein, and prayed that the
plaintiff's action be dismissed. Subsequently, on March
4, 1952, the plaintiff amended her petition, alleging other
grounds of extreme cruelty. The defendant then filed
an amended answer and cross-petition alleging extreme
cruelty on the part of the plaintiff toward him, and pray-
ing for an absolute divorce and other equitable relief.
At the time of trial, plaintiff was 54 years of age and the
defendant 60 years of age. After a hearing upon the
merits, the trial court entered a decree finding generally

in favor of the defendant and against the plaintiff, awarding him an absolute divorce on his cross-petition, and awarding the plaintiff permanent alimony, suit money, and costs. The plaintiff filed a motion for new trial which was overruled. From this order the plaintiff appeals.

The parties were married on February 15, 1917, at West Point, Nebraska, and moved to Stanton County in 1926, where they have since lived and farmed. Two sons were born to this union who are now of age, married, engaged in business and farming, and are not dependents.

The principal grounds for cruelty charged by the plaintiff against the defendant are that he was of a sullen disposition and would go for days without speaking to her, also that he had a violent temper. She testified to many acts of cruelty on the part of the defendant, most of which took place many years previous to the time of trial. She also testified that the last few years the defendant had not mistreated her, but would not speak to her. It is unnecessary to recite the evidence of the plaintiff's witnesses for the reason that they had very little, if any, knowledge of any acts of cruelty committed by the defendant toward the plaintiff in recent years, and such acts as they did testify to were that the parties did not get along well, that the defendant did not talk to the plaintiff, and that he did not take her places.

There is some evidence offered by the plaintiff charging the defendant with accusing her of insanity. The evidence in this respect is not corroborated to such an extent that it could be said to be extreme cruelty within the law of this state.

The defendant charged the plaintiff with extreme cruelty in that she desired to disinherit her sons; that she wanted him also to disinherit his sons; and that he could not stand the continual nagging of the plaintiff and as a consequence he left the home place on August 13, 1951. There is no corroboration of this evidence as to the plaintiff nagging the defendant over a period of

years. He did testify that he had no reason to get a divorce. Whether he left voluntarily or the plaintiff requested him to do so is not clear from the record.

The principal discussion between these parties relates to their financial arrangements and the treatment of the sons with reference to their marriages and leaving home. Each of the parties apparently managed his own business without interference from the other.

We fail to see any competent evidence in the record, however, to corroborate the allegations of the cruelty by either of the parties.

The grounds for a divorce are statutory. It is provided by section 42-335, R. R. S. 1943, that no decree of divorce and of the nullity of a marriage shall be made solely on the declarations, confessions, or admissions of the parties, but the court shall, in all cases, require other satisfactory evidence of the facts alleged in the petition for that purpose. This statute means that corroborative evidence is required of the acts or conduct asserted as grounds for a divorce. Of the other witnesses who were called and examined in the present case, not one, nor all collectively, supported the elements necessary to be established to entitle either party to a divorce. A divorce case is tried de novo in this court, under the rule that where the evidence is in irreconcilable conflict, this court will, in determining the weight of the evidence, consider the fact that the trial court saw and heard the witnesses and accepted one version of the facts over the other. See, Wakefield v. Wakefield, 157 Neb. 611, 61 N. W. 2d 208; Schlueter v. Schlueter, *ante* p. 233, 62 N. W. 2d 871. But this rule does not operate to eliminate the necessity for evidence corroborating the facts essential to the obtaining of a divorce. See Hines v. Hines, 157 Neb. 20, 58 N. W. 2d 505.

"It is impossible to lay down any general rule as to the degree of corroboration required in a divorce action, as each case must be decided on its own facts and circumstances." Schlueter v. Schlueter, *supra*. But where

there is no evidence which corroborates a statutory ground for divorce and a case is not made, then the divorce should be denied. Spray v. Spray, 156 Neb. 774, 57 N. W. 2d 926; Hines v. Hines, *supra*.

The evidence fails to disclose any evidence corroborating the allegations or testimony of either party that would entitle either to a divorce within the requirements of the controlling statute. The trial court therefore erred in granting a divorce to the defendant on his cross-petition and in entering a decree for permanent alimony.

The decree of the district court is reversed and the petition of the plaintiff and cross-petition of the defendant are dismissed.

REVERSED AND DISMISSED.