DOROTHY SMITH, APPELLANT, v. CHARLES H. SMITH, APPELLEE.

69 N. W. 2d 321

Filed March 18, 1955. No. 33646.

*John McArthur,* for appellant.

*Johnston & Grossman,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

WENKE, J.

This is a divorce action appealed to this court by Dorothy Smith, plaintiff below, from an order of the district court for Lancaster County dismissing her case. The trial court based its order of dismissal on a finding

that the evidence adduced was not sufficient to sustain the ground for divorce asserted by appellant, which was extreme cruelty.

Section 42-302, R. R. S. 1943, provides, insofar as here material, as follows: "A divorce from the bonds of matrimony, or from bed and board, may be decreed for the cause of extreme cruelty, whether practiced by using personal violence, or by other means; * * *."

We have held that: "Any unjustifiable conduct on the part of either the husband or wife which so grievously wounds the mental feelings of the other or so utterly destroys the peace of mind of the other as to seriously impair the bodily health and endanger the life of the other, or such as utterly destroys the legitimate ends and objects of matrimony, constitutes 'extreme cruelty' as defined in section 42-302, R. S. 1943, although no physical or personal violence may be inflicted or even threatened." Oertle v. Oertle, 146 Neb. 746, 21 N. W. 2d 447.

In an appeal to this court in a divorce action the cause is tried de novo. Pestel v. Pestel, 158 Neb. 611, 64 N. W. 2d 299. The burden of proof is upon the party who seeks the divorce. Loomer v. Loomer, 73 Neb. 359, 102 N. W. 759.

A decree of divorce from the bonds of matrimony should only be granted when the evidence brings the case within the definition of the statute providing for such relief. Oertle v. Oertle, *supra;* Brown v. Brown, 130 Neb. 487, 265 N. W. 556.

Whether or not extreme cruelty has been established is a question of fact to be determined from the evidence adduced. However, in view of the nature of the record, the following principle has application: "* * * where the evidence is in irreconcilable conflict, this court will, in determining the weight of the evidence, consider the fact that the trial court saw and heard the witnesses and accepted one version of the facts over the other." Pestel v. Pestel, *supra.*

Appellant and Charles H. Smith, appellee here and defendant below, were married on August 1, 1924. Four children were born to this marriage. Three of these children are mature, married, and self-supporting. The fourth, son Franklin D., was at the time of trial on May 3, 1954, living at home with appellant and attending school. He was at that time 15 years of age. The Smiths had, for about 17 years prior to the commencement of this action on February 17, 1954, been living in Lincoln. Their home, which they own and which is presently occupied by appellant and the minor son, is located at 901 South Thirty-first Street. Appellee has worked for the Burlington railroad for at least 34 years, presently holding a position of yard clerk.

It would serve no useful purpose for us to set out in detail the family difficulties about which appellant and appellee testified. Our conclusions in this regard will suffice. The evidence shows appellant lost her love for appellee many years ago and, for about 2 years before doing so, had contemplated filing an action for divorce. In fact the Smiths had frequently discussed her doing so. But it is elementary that a divorce cannot be granted solely on the basis of the parties agreeing thereto.

That the Smiths had become incompatible is evident. Appellee did not have too high an income and, considering the amount of sickness each of them unfortunately suffered in recent years, the payment of their bills became a real problem. It is apparent they frequently quarreled about bills. They also disagreed and quarreled about the proper raising of their children. It seems they would get into an argument about something every time they discussed anything. But, as her daughter-in-law stated on one occasion, "She was calm and it (the quarreling) didn't really upset her." As stated in Brown v. Brown, *supra*: "* * * mere incompatibility of temper is not a ground for divorce in this state." Nor does the fact that appellant stated she can-

not and will not live with appellee entitle her to a divorce.

There is still another reason why appellant is not entitled to the relief she here seeks. Section 42-335, R. R. S. 1943, provides: "No decree of divorce and of the nullity of a marriage shall be made solely on the declaration, confessions or admissions of the parties, but the court shall, in all cases, require other satisfactory evidence of the facts alleged in the petition for that purpose."

We have held this statute to mean: "It is provided by section 42-335, R. R. S. 1943, that no decree of divorce and of the nullity of a marriage shall be made solely on the declarations, confessions, or admissions of the parties, but the court shall, in all cases, require other satisfactory evidence of the facts alleged in the petition for that purpose. This statute means that corroborative evidence is required of the acts or conduct asserted as grounds for a divorce." Pestel v. Pestel, *supra*.

In this regard we said in Pestel v. Pestel, *supra*: " 'It is impossible to lay down any general rule as to the degree of corroboration required in a divorce action, as each case must be decided on its own facts and circumstances.' Schlueter v. Schlueter, supra (158 Neb. 233, 62 N. W. 2d 871)." See, also, Hines v. Hines, 157 Neb. 20, 58 N. W. 2d 505.

The only corroboration adduced by appellant relates to the fact that the Smiths frequently quarreled and were incompatible. As already stated, we think both parties were guilty of causing this relationship to develop between them. Since mere incompatibility is not a ground for divorce in this state the corroboration of that fact does not assist the appellant.

We have come to the conclusion that the evidence adduced does not establish extreme cruelty within the contemplation of our statute. Consequently the trial court was correct in denying the divorce appellant prayed for.

The trial court directed each party to pay his or her own costs. We think the costs, both in this court and the district court, should be taxed to the appellee. In this regard appellant has requested she be allowed an attorney's fee for the services of her attorney in both this and the district court. Considering all of the facts and circumstances of this case we have come to the conclusion this application should be denied.

In view of the foregoing we affirm the action of the district court in denying the appellant a divorce but tax all costs to the appellee.

AFFIRMED AS MODIFIED.