MARTIN W. O'NEILL, APPELLEE, v. WINIFRED O'NEILL, APPELLANT.

83 N. W. 2d 92

Filed May 24, 1957. No. 34116.

*Schrempp & Lathrop,* for appellant.

*Irvin C. Levin* and *Jerry M. Gitnick,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

YEAGER, J.

This is an action for divorce by Martin W. O'Neill, plaintiff and appellee, against Winifred O'Neill, defendant and appellant. In the action the plaintiff filed a petition for divorce from the defendant on the ground of extreme cruelty. The defendant filed a cross-petition wherein she asked for a decree of divorce from the plaintiff likewise on the ground of extreme cruelty.

The case was tried, at the conclusion of which the prayer of plaintiff's petition for divorce was granted and that of defendant denied. Accordingly a decree was rendered. Prior to the trial the defendant had been represented in the case in the following order by John S. Samson and Cranny & Moore. On the trial she was represented by William J. Hotz, Jr. The plaintiff was represented by Irvin C. Levin.

The court found, among other findings, that there was a balance in an account in the Omaha Loan and Building Association in the amount of $1,274.32 which represented an accumulation of the savings of plaintiff and defendant which stood in the name of the defendant. By the decree it was directed that $300 of this amount should be paid to John S. Samson for his services, that $100 should be paid to Cranny & Moore, that $150 should be paid to William J. Hotz, Jr., and that $400 should be paid to Irvin C. Levin.

From the decree the defendant has appealed. As grounds for reversal the defendant has set forth two assignments of error. The first is that the court erred in granting plaintiff a decree of divorce. The second is that the court erred in ordering the attorneys' fees paid from the savings account.

The point of the first assignment of error is that there is no corroboration of the testimony of plaintiff as to any charge of cruelty made against the defendant.

From an examination of the record and the law applicable thereto the only conclusion possible is that the assignment of error must be sustained.

In an effort to sustain his alleged cause of action the plaintiff testified in his own behalf. The substance of his testimony was that the defendant constantly nagged him; that she would not allow members of plaintiff's family to visit in the home of the parties; that she did not properly cook and provide meals for him; and that she filed a complaint against him with the board of mental health of Douglas County, Nebraska.

There was no corroboration whatever of the testimony of the plaintiff in any of these respects. A decree of divorce granted on the uncorroborated testimony of a party must on appeal be reversed.

Section 42-335, R. R. S. 1943, provides: "No decree of divorce and of the nullity of a marriage shall be made solely on the declaration, confessions or admissions of the parties, but the court shall, in all cases, require other satisfactory evidence of the facts alleged in the petition for that purpose." This rule has been approved and applied by numerous decisions of this court. See, Spray v. Spray, 156 Neb. 774, 57 N. W. 2d 926; Hines v. Hines, 157 Neb. 20, 58 N. W. 2d 505.

The second assignment of error, as pointed out, challenges the propriety of the decree requiring the payment of attorney's fees out of funds on deposit in the name of the defendant. The propriety of the allowance of the fees as such is not challenged. The complaint made is that they could not properly be charged against this fund.

It should be said here that there is nothing in the record which competently shows that these funds were not funds in actuality belonging to the defendant. The defendant testified that they belonged to her and that the plaintiff did not contribute to them in anywise. There is nothing in the evidence on which to base a finding that this is not true.

The decree was rendered herein on March 28, 1956. Prior thereto John S. Samson had been attorney for the defendant but had withdrawn. Incident to his withdrawal he had been awarded a fee for his services in the amount of $300. The award of the decree in the amount of $300 in favor of Samson was a reaffirmation of the earlier award of $300. The award was neither against the plaintiff nor the defendant. The order provided only that it should be paid out of the fund on deposit with the Omaha Loan and Building Association "belonging to the parties herein standing in the name of the defendant." The Omaha Loan and Building Association was not made a party to the proceeding in which it was required to pay out money in its possession. Thereafter for a period of time it appears that the defendant was represented by the law firm of Cranny & Moore. This firm apparently withdrew since William J. Hotz, Jr., represented the defendant at the trial. Apparently no attorney's fee was allowed in favor of Cranny & Moore or Hotz prior to the entry of the final decree. Irvin C. Levin, as pointed out, was at all times attorney for the plaintiff.

By the terms of the decree none of the amounts allowed as attorney's fees, that is $300 for John S. Samson, $100 for Cranny & Moore, $150 for William J. Hotz, Jr., and $400 for Irvin C. Levin was made a charge against the plaintiff or the defendant. The charge was made against the fund on deposit in the Omaha Loan and Building Association. The effect however, on the record, if carried out, would be to charge the defendant, a wife in a divorce action, by order of court, with the payment of the fees for her attorneys and also the fees for the attorney for the husband.

The first point flowing from this which will be considered is that of whether or not there is any authority in the law of this state to allow an attorney's fee in favor of a husband in an action for divorce. We have found no authority either in the statutes or the deci-

sions of this court. Pursuant to the terms of section 42-308, R. R. S. 1943, this court has held that attorney's fees may be allowed a wife to enable her to carry on or defend a suit. Lippincott v. Lippincott, 152 Neb. 374, 41 N. W. 2d 232. It has not been held however that allowance for this purpose may be made in favor of a husband.

Under the terms of the statute costs may be taxed to either party but authority is not granted to tax suit money which includes attorney's fees against a wife.

The general rule is that it is only where there is a statute authorizing it that an attorney's fee may be allowed for the husband in an action for divorce. 27 C. J. S., Divorce, § 217, p. 912. See, Peters v. Peters, 172 Okl. 575, 46 P. 2d 487; State ex rel. Jacobson v. Superior Court, 120 Wash. 359, 207 P. 227, 24 A. L. R. 488. We think the general rule should be regarded as appropriate.

In this view it must be said that the court was without power to impose the fee for plaintiff's attorney upon the defendant directly or indirectly.

The second point relates to the other three fees which were allowed or those which were allowed in favor of the attorneys for the defendant. If it be assumed that it was the intention of the court to make them a charge against the plaintiff but payable out of the fund in question such intention could not properly be effected. To do this would in actuality be to transfer to the defendant the obligation imposed by the court upon the plaintiff pursuant to the provisions of section 42-308, R. R. S. 1943, to pay fees for the attorneys for the defendant. No provision of statute and no decision has been cited or found permitting this to be done.

If it be assumed that it was the intention of the court to fix the fees of the defendant's own attorneys and to render judgment in their favor against her in this action for divorce and to order satisfaction out of her property the action of the court in so doing must be regarded as being without authority of law.

It is the rule that the legislative authority of the state

has full control over the mode, manner, time and place of the proceedings for divorce and generally of the procedure in actions for divorce. See 27 C. J. S., Divorce, § 9, p. 531. No legislation has been enacted by the Legislature of this state granting the power involved in this assumption. In Nickerson v. Nickerson, 152 Neb. 799, 42 N. W. 2d 861, it was said: "There is no authority for a court, in a divorce action, to fix the amount of the attorney fees each party is to pay their respective attorneys."

The decree of the district court is reversed and the cause is remanded with directions to dismiss the action. An attorney's fee is allowed in favor of the defendant and against the plaintiff for the services of her attorney in this court in the amount of $300.

REVERSED AND REMANDED.