BARBARA BIRTH, APPELLEE, v. MELVIN E. BIRTH, APPELLANT.
84 N. W. 2d 204

Filed July 5, 1957. No. 34135.

*Maupin, Dent, Kay & Satterfield* and *William E. Morrow, Jr.,* for appellant.

*Beatty, Clarke, Murphy & Morgan, Donald W. Pederson,* and *Frank E. Piccolo, Jr.,* for appellee.

Heard before SIMMONS, C. J., MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CHAPPELL, J.

Plaintiff, Barbara Birth, sought an absolute divorce from defendant, Melvin E. Birth, together with custody of their 3-year-old daughter, an allowance for child support, and an adjustment of their financial and property rights. Plaintiff's alleged grounds for divorce were that defendant was guilty of extreme cruelty because at all times since the marriage on August 1, 1952, he had brutally made grossly excessive demands upon plain-

tiff for sexual relations which had so affected her physical and mental health as to make it impossible to continue the marriage relation. After a temporary order had been entered giving plaintiff custody of the child and allowing her $65 a month as child support, together with use of their home and $40 attorneys' fees, defendant filed an answer and cross-petition. Therein he denied generally and sought an absolute divorce together with custody of their child. His alleged grounds of divorce were that plaintiff was guilty of extreme cruelty such as to destroy the legitimate objects of matrimony by refusing to live in their home and cohabit with defendant since about March 3, 1956.

After a hearing on the merits a decree was rendered, finding and adjudging the issues generally in favor of plaintiff upon her petition and against defendant upon his cross-petition. The judgment awarded plaintiff an absolute divorce and custody of their child, together with $35 a month for child support, and the use of their home upon prescribed conditions until the child reached majority. It denied defendant a divorce and dismissed his cross-petition. Costs were taxed to defendant and each party was required to pay his own attorneys' fees. The judgment also made an adjustment of their financial and property rights and interests in a manner which is unimportant here in view of our conclusion that for want of sufficient corroboration of their respective allegations and evidence neither party was entitled to a divorce.

Defendant's motion to vacate and set aside the judgment and for new trial was overruled, after the judgment had been modified with relation only to their property rights and a limitation of defendant's right of visitation with his child. Therefrom defendant appealed, assigning insofar as important here that the trial court erred in granting plaintiff a divorce, in dismissing defendant's cross-petition, and in refusing to grant him a divorce. We conclude that the trial court erred in grant-

ing plaintiff a divorce, but properly dismissed defendant's cross-petition and denied him a divorce. As we view it, the sole question upon which decision depends is whether or not the evidence adduced by the parties was sufficient to support the awarding of a decree of divorce to either plaintiff or defendant. We conclude that it was not.

Section 42-302, R. R. S. 1943, provides in part: "A divorce from the bonds of matrimony * * * may be decreed for the cause of extreme cruelty, whether practiced by using personal violence, or by other means; * * *." In that connection, section 42-335, R. R. S. 1943, also provides in part: "No decree of divorce * * * shall be made solely on the declaration, confessions or admissions of the parties, but the court shall, in all cases, require other satisfactory evidence of the facts alleged in the petition for that purpose." Those sections are applicable and controlling here.

In Smith v. Smith, 160 Neb. 120, 69 N. W. 2d 321, referring to section 42-302, R. R. S. 1943, we reaffirmed that: "A decree of divorce from the bonds of matrimony should only be granted when the evidence brings the case within the definition of the statute providing for such relief."

In that opinion we said: "In an appeal to this court in a divorce action the cause is tried de novo. Pestel v. Pestel, 158 Neb. 611, 64 N. W. 2d 299. The burden of proof is upon the party who seeks the divorce. Loomer v. Loomer, 73 Neb. 359, 102 N. W. 759."

In construing and applying section 42-335, R. R. S. 1943, that opinion said: " 'This statute means that corroborative evidence is required of the acts or conduct asserted as grounds for a divorce.' Pestel v. Pestel, supra.

"In this regard we said in Pestel v. Pestel, supra: ' "It is impossible to lay down any general rule as to the degree of corroboration required in a divorce action, as each case must be decided on its own facts and circum-

stances." Schlueter v. Schlueter, supra (158 Neb. 233, 62 N. W. 2d 871).' See, also, Hines v. Hines, 157 Neb. 20, 58 N. W. 2d 505."

Also, in Robinson v. Robinson, 164 Neb. 413, 82 N. W. 2d 550, this court said: "A divorce or legal separation must be grounded on a legal fault within the grounds enumerated in the statutes and proved in the manner therein provided. One party may not create the grounds that will sustain him or her in maintaining such a suit. It is not the province of the courts to grant such decrees for sociological reasons. The policy of the state relative to marriage is fixed by the Legislature. It is not for this court to do what it deems best for the parties. The only relief that may be granted is that provided by statute when the evidence is sufficient to bring the case within its purview."

In the light of the foregoing rules, we have examined the record. After doing so, we briefly summarize the evidence without setting forth the salacious evidence adduced by the parties. The record discloses without dispute that: Plaintiff had been previously married and had two children the issue of that marriage. They were supported by monthly checks of $89 which represented benefits resulting from the death of their father on December 7, 1951. At the time of his death plaintiff's first husband left her a home in North Platte where she and her two children lived. She was a business woman who owned and profitably operated amusement train-ride equipment from spring until fall in a park in North Platte. Plaintiff and defendant had gone together for about 6 months before plaintiff's first marriage, but they then broke up and she married another. After the death of plaintiff's first husband, she and defendant met again by prearrangement and after going together for sometime, they were married August 1, 1952. They first lived in plaintiff's home for several months. Thereafter, for 1 year they rented a larger home which had an income-producing apartment. They

then purchased that home. They had one daughter of their own who was about 3 years old at time of trial. During the last 2 years of that marriage, defendant had earned $200 a month working days for an auto supply company in North Platte, and $1 an hour working evenings for plaintiff in the park at her train-ride equipment.

At the trial on the merits plaintiff's own evidence supported her allegations of extreme cruelty by defendant. In that connection, her mother was the only witness called in plaintiff's behalf, and we find no competent evidence in her testimony which could in any manner be said to corroborate plaintiff's own allegations and evidence. In other words, we find that plaintiff's own evidence of extreme cruelty as alleged by her was not corroborated by any competent evidence, and we conclude that the trial court had no power or authority to grant plaintiff a divorce. Her petition should have been dismissed.

On the other hand, defendant's own evidence denied that he was guilty of any extreme cruelty as alleged by plaintiff and supported by her own evidence. Rather, he testified that their troubles first arose about Christmastime 1955, when plaintiff became friendly with an unmarried brother of her first husband who lived in California but came once to their home in North Platte and with whom plaintiff later visited on a trip to California, which caused plaintiff to subsequently refuse to live in their home and cohabit with defendant. Purportedly in support of defendant's evidence, he called four witnesses but they adduced no competent evidence which could in any manner be said to corroborate defendant's own allegations and evidence. In other words, we find that defendant's own evidence of extreme cruelty as alleged by him was not corroborated by any competent evidence and we conclude that the trial court had no power or authority to grant defendant a divorce. His cross-petition was properly dismissed.

In that connection, we find that the evidence ad-

duced by both plaintiff and defendant in support of their respective allegations of extreme cruelty was corroborated solely by their own declarations, confessions, and admissions which was insufficient because not supported by any other satisfactory evidence of the facts alleged in their respective petition and cross-petition as required by section 42-335, R. R. S. 1943.

For reasons heretofore stated, we conclude that the judgment awarding plaintiff an absolute divorce should be and hereby is reversed and her petition is dismissed. On the other hand, we conclude that the judgment of the trial court denying defendant an absolute divorce and dismissing his cross-petition should be and hereby is affirmed. All costs are taxed to defendant, including an allowance of $250 as fees for the services of plaintiff's attorneys rendered in this court.

AFFIRMED IN PART, AND IN PART
REVERSED AND DISMISSED.

CARTER, J., participating on briefs.