Leslie W. Rush, appellee, v. Morine S. Rush, appellant.

108 N. W. 2d 79

Filed March 3, 1961. No. 34880.

*Thomas J. Gorham,* for appellant.

*Richard A. Vestecka,* for appellee.

Heard before Simmons, C. J., Carter, Messmore, Yeager, Wenke, and Boslaugh, JJ.

Yeager, J.

This is an action for divorce instituted in the district court for Lancaster County, Nebraska, by Leslie W. Rush, plaintiff and appellee, against Morine S. Rush, defendant and appellant. The case was tried to the court

and a decree was rendered granting an absolute divorce to plaintiff and awarding defendant alimony in the amount of $157 a month until the decree became final and thereafter $960 payable in monthly payments of $80 each. Defendant was awarded an attorney's fee for the services of her attorney in the amount of $250 and the costs were also taxed to the plaintiff. The defendant filed a motion for new trial which was overruled. From the decree granting the plaintiff a divorce and the order overruling the motion for new trial the defendant has appealed.

The grounds of the appeal are that the decision is not sustained by sufficient evidence; that there is insufficient corroborating evidence; and that the decree is contrary to law.

By the petition filed by the plaintiff it is declared that the parties were married in Mobile, Alabama, October 3, 1941; that the plaintiff has been for more than 1 year a resident of Lancaster County, Nebraska; that the defendant is a resident of Mobile, Mobile County, Alabama; and that no children were born of the marriage.

As grounds for divorce the plaintiff alleged that the defendant had been guilty of extreme cruelty of such a character as to destroy the objects of the marriage relationship between the parties. The defendant filed an answer denying the charges of cruelty. She did not file a cross-petition.

Particular acts of cruelty are charged but it is not deemed necessary to set them out herein. The reason for this lack of necessity is that the record viewed in the light most favorable to the plaintiff does not support a right of action for divorce in favor of plaintiff and against the defendant in the State of Nebraska, and further even if it did the decree would have to fail by reason of a total lack of corroboration of the charges made against the defendant.

The plaintiff was at the time of the commencement of this action and prior thereto a technical sergeant sta-

tioned at the Lincoln Air Force Base. He came to the base and to Nebraska September 13, 1958. The action was commenced September 14, 1959. The defendant was a resident of Mobile, Alabama, and was never in Nebraska until she appeared at the trial of this case which was started on May 9, 1960. The parties separated in Mobile, Alabama, on July 3, 1957, and were never together thereafter. He actually departed to serve in an overseas assignment from which, on his return, he came to the Lincoln Air Force Base. He did not communicate with her from the time he left until after his return.

On the trial of the case the plaintiff gave testimony as to claimed acts of cruelty practiced upon him prior to his departure in 1957. There was no direct or circumstantial evidence to support any of this. As to what occurred after he came to Nebraska he testified that he needed certain pictures as an aid to an application or effort to be assigned to recruiting service. Just what pictures he wanted were not particularly described but it appears they were of the defendant and of her son by an earlier marriage. She refused to send the pictures. A long distance telephone call or calls followed and it appears that the conversation was not pleasant. The plaintiff stated that in a letter he extended an invitation to her to come to Lincoln, Nebraska. By his testimony however he made it clear that he did not desire that she come, and he did not intend to allow her to do so. This is a fair résumé of what happened as between the parties in the State of Nebraska. There is no testimony corroborating this even if this could be recognized as cruelty which may be ground for divorce.

From the brief of the plaintiff it appears to be the theory that this refusal of pictures caused a reversion of plaintiff to the claimed cruelties occurring before July 3, 1957, and in consequence he became severely and seriously disturbed in mind as a result of which he

lost weight and lost efficiency in the performance of his duties.

There is testimony that at one time the plaintiff did manifest evidence of disturbance. The evidence however was of his condition and not of any act or failure to act on the part of the defendant.

Under the facts as disclosed by the record and the statutes of this state it becomes clear that the decree of divorce granted to the plaintiff is contrary to law.

Section 42-303, R. R. S. 1943, provides in part: "(1) No person shall be entitled to a divorce for any cause arising in this state who has not had actual residence in this state for at least one year next before bringing suit for divorce with a bona fide intention of making this state his or her permanent home, unless the marriage was solemnized in this state and the applicant shall have resided therein from the time of the marriage to filing the petition."

By the same section it is provided that for any cause arising out of the state no person shall be entitled to a divorce for any cause unless one of the parties shall have resided within this state for at least 2 years next before bringing the suit.

The plaintiff had the right to claim a residence in this state by further terms of this section. By these further terms it is provided that a person serving in the armed forces who has been continuously stationed in any military base or installation for the period of 1 year shall be deemed a resident in good faith of this state and the county where such military base or installation is located.

The action here was instituted on the second day after the expiration of the year which entitled the plaintiff to claim residence. The plaintiff, having had residence of but 1 year, could not legally maintain his action for divorce for any cause arising out of the state. He was barred from maintaining action until the expiration of 2 years after coming to this state.

If it be assumed, as it is not, that the plaintiff had the right under law to maintain his action for divorce it would be necessary to say that he has not shown by the proper weight of evidence that he was entitled to a decree of divorce from the defendant. There has been no corroboration of any acts of cruelty committed by the defendant in the State of Nebraska or elsewhere. A basic essential to the right to a decree of divorce is that there must be corroboration of the facts alleged in the petition.

Section 42-335, R. R. S. 1943, provides: "No decree of divorce and of nullity of a marriage shall be made solely on the declaration, confessions or admissions of the parties, but the court shall, in all cases, require other satisfactory evidence of the facts alleged in the petition for that purpose." See, also, Pestel v. Pestel, 158 Neb. 611, 64 N. W. 2d 299; Workman v. Workman, 164 Neb. 642, 83 N. W. 2d 368; Goodman v. Goodman, 168 Neb. 841, 97 N. W. 2d 336.

The decree of the district court to the extent that it grants a divorce to the plaintiff and alimony to the defendant is reversed and the action dismissed. To the extent that it awards an attorney's fee to the defendant for her attorney and costs, it is affirmed. The defendant is awarded a fee of $250 for the services of her attorney in this court.

AFFIRMED IN PART, AND IN PART REVERSED AND DISMISSED.