**In the Matter of Michael Lynn BALDWIN, Bankrupt.**

**No. BK72–O–948.**

United States District Court, D. Nebraska.

June 14, 1973.

Charles Ledwith, Omaha, Neb., for Michael Lynn Baldwin.

Jon J. Gergen, Omaha, Neb., for Nancy Linda Baldwin.

## MEMORANDUM OPINION

DENNEY, District Judge.

This matter comes before the Court upon petition to review an order of the Referee in Bankruptcy [Filing #25].

Michael Lynn Baldwin and Nancy Linda Baldwin were husband and wife until January 3, 1972, when, on that date, a decree of divorce was entered by the District Court of Douglas County, Nebraska. As part of the decree of the divorce, Michael Baldwin was required to pay Nancy Baldwin's attorney's fee of $300.00 for the divorce.

On August 25, 1972, Michael Baldwin filed in this Court a petition in bankruptcy. An application to determine the dischargeability of debts was duly filed by Nancy Baldwin on October 12, 1972. On January 24, 1973, the Referee determined that the $300.00 attorney fee was a nondischargeable debt. It is from that order that Michael Baldwin seeks review.

Before the Referee and before this Court, Michael Baldwin has asserted that the Nebraska statute, Neb.Rev.Stat. § 42–308, Reissue of 1968, which provided the authority for the divorce court to award attorney's fees, was unconstitutional as impermissible sex discrimination. That statute has been construed by the Nebraska Supreme Court as precluding the granting of an attorney fee to the husband against the wife. O'Neill v. O'Neill, 164 Neb. 674, 83 N. W.2d 92 [1957].

In this Court's order of April 11, 1973, the Court directed that "briefs should particularly address the question of whether an underlying constitutional question as asserted herein may be raised in a bankruptcy proceeding." The brief of Michael Baldwin, although it discusses in some depth the merits of the constitutional question, fails to shed any light on that threshold problem.

The Court's own research has revealed no cases directly on point. However, the Supreme Court has viewed similar questions as within the doctrine of res judi-

cata. Chicot County Dist. v. Bank, 308 U.S. 371, 60 S.Ct. 317, 84 L.Ed. 329 [1940]. In that opinion, the Court held that the aggrieved party had the opportunity to raise the constitutional question on appeal of the first decision and that collateral attack should be barred by the doctrine. This Court will make a similar finding. Michael Baldwin could have objected to the constitutionality of the award of attorney's fees either to the divorce court or in an appeal to the State Supreme Court of the decree of divorce. He is barred from raising the question by the doctrine of res judicata in the dischargeability of debt proceedings by the Referee. The order of the Referee denying discharge will therefore be affirmed and the petition for review will be dismissed.[1]

1. Other grounds for discharge of the claim were submitted to the Referee. Michael Baldwin has sought the review of this Court only as to the ruling on the constitutional question.