STATE OF NEBRASKA V. WILLIAM MEYERS.

FILED OCTOBER 15, 1895. No. 7630.

1. **Witnesses:** COMPETENCY: INSANITY. One who by reason of insanity or imbecility is unable to comprehend the obligation of an oath, or to understand and intelligently answer the questions put by the court upon a *voir dire* examination, is, under the provisions of section 328, Code Civil Procedure, incompetent to testify as a witness.

2. **Rape:** COMPLAINTS OF INJURY: EVIDENCE. Evidence of the complaints of the injured person in a prosecution for rape is admissible only as corroborative of her testimony, and such complaints are not, except when made *in extremis*, admissible as independent evidence of the offense charged. (*Oleson v. State*, 11 Neb., 276.)

3. ———: ———: ———. When in such case the injured female does not testify as a witness, her declarations relating to the alleged assault are not admissible in evidence, and the fact that she is incompetent to testify on account of imbecility or for other reasons is wholly immaterial. (*Hornbeck v. State*, 35 O. St., 277.)

EXCEPTIONS to rulings of the district court for Richardson county. Tried below before BABCOCK, J. The case was filed in the supreme court under the provisions of section 515 of the Criminal Code. *Exceptions overruled.*

*C. F. Reavis* and *Edwin Falloon*, for the exceptions.

*F. Martin, contra.*

POST, J.

The defendant below, William Meyers, was charged with the crime of rape alleged to have been committed upon one Elizabeth Schuler.  A trial was had in the district court for Richardson county, resulting in a verdict for the accused under the direction of the court.  The county attorney, having at the trial excepted to the ruling in excluding certain evidence offered in behalf of the state, has filed a petition in error in this court in order to secure a review of the judgment of acquittal based upon said verdict.

1. The said Elizabeth Schuler was produced as a witness, when objection was made to her competency on the ground that she is an imbecile and incapable of comprehending the obligation of an oath.  She was examined at length by the court in order to determine the question of her competency, at the conclusion of which said objection was sustained.  The state then sought to put in evidence certain declarations made by the said Elizabeth to her mother and sister shortly after the alleged assault tending to prove the commission by the accused of the crime charged; which were also excluded upon the objection of the latter, and which are the rulings now assigned as error.  Section 328, Code Civil Procedure, provides: " Every human being of sufficient capacity to understand the obligation of an oath, is a competent witness in all cases, civil and criminal, except as otherwise herein declared.  The following persons shall be incompetent to testify: First—Persons of unsound mind at the time of their production," etc.  The competency of a person to testify as a witness concerning the matter in issue is, in the first instance, a question for the court, and whereas, in the case at bar, the presiding judge has seen and personally examined the proposed witness, all presumptions

are in favor of the correctness of his finding. As said by NORVAL, J., in *Davis v. State*, 31 Neb., 248: "The question of competency of a person to be a witness must be left to the sound legal discretion of the trial judge, leaving to the jury to determine the credit that ought to be given to the testimony." But the bill of exceptions clearly demonstrates the incompetency of Elizabeth Schuler and proves beyond a doubt that she was not of unsound mind merely, but an imbecile, unable to comprehend the simple preliminary questions addressed to her by the court. The objection upon that ground was accordingly well taken.

2. Did the court err in rejecting evidence of the statements above mentioned? It was shown, without objection, that the said Elizabeth left the home of her sister, Mrs. Rauscher, about 2 o'clock P. M. of the day in question, going into "the timber" to look for the cows, and returned between 4 and 5 o'clock. At that time her underclothing was torn and the condition of her person strongly indicated the commission of the wrong alleged. Indeed, so strong is the inference of the outrage from the facts in evidence that we may for the purpose of this examination assume the *corpus delicti* to have been fully established. It was held by this court in *Oleson v. State*, 11 Neb., 276, that while it is permissible to show that the prosecutrix made complaint of the alleged injury, such complaint constitutes no part of the *res gestœ*, but is a circumstance only, corroborative of the story of the prosecutrix, and that unless she is a witness in the case is wholly inadmissible. (See, also, *Mathews v. State*, 9 Neb., 337; *Hannon v. State*, 70 Wis., 448; *People v. McGee*, 1 Den. [N. Y.], 19; *Weldon v. State*, 32 Ind., 81; *Reg. v. Nichols*, 61 English C. L., 246; 1 Greenleaf, Evidence, 213.) But the identical question here involved was presented in *Hornbeck v. State*, 35 O. St., 277, in which, after a careful review of the authorities, it is held that where the female alleged to have been assaulted is, by reason of imbecility, incompetent to be sworn

as a witness, her declarations are inadmissible for the purpose of proving the alleged offense.   In the opinion in that case by Gilmore, C. J., we find the rule thus tersely stated : "In cases of violence to the person, except when made *in extremis*, the declarations of the injured party are hearsay, and therefore inadmissible to prove the offense, and the fact that the declarant is incapable of taking an oath, by reason of imbecility, insanity, or infancy, will not justify a departure from the long and firmly established rule of evidence on the subject."   The ruling of the district court must, in the light of the authorities cited, be regarded as sound.   The exceptions are accordingly overruled.

EXCEPTIONS OVERRULED.