Miller v. State.

ROBERT H. MILLER V. STATE OF NEBRASKA.

FILED JUNE 24, 1924.   No. 23797.

1. **Rape:**  CORROBORATIVE EVIDENCE.  "In a prosecution for rape, it is not essential to a conviction that the prosecutrix should be corroborated by the testimony of other witnesses as to the particular act constituting the offense.   It is sufficient, if she be corroborated as to material- facts and circumstances which tend to support her testimony, and from which, together with her testimony as to the principal fact, the inference of guilt may be drawn."  *Fager v. State,* 22 Neb. 332.

2. ———:  SUFFICIENCY OF EVIDENCE.  Evidence examined, and *held,* sufficient to support the verdict as to the commission of the act charged.

3. ———:  CHASTITY:  SUFFICIENCY OF EVIDENCE.  In this, a prosecution for rape upon a female over 16 years of age and under 18 years of age, the question of her previous chastity was put in issue by defendant.   The evidence on this issue has been examined, and is *held* to support the finding of the jury.

4. ———:  ———:  INSTRUCTIONS.  When, in a prosecution for rape upon a female over 16 years of age and under 18 years of age, defendant challenges the previous chastity of prosecutrix, it is not error for the court to instruct the jury that—"As to the question of the previous chastity of Ruby Shelton, it is not necessary that her testimony that she was not previously unchaste be corroborated; it is sufficient, as to this point, if you are satisfied by the evidence, beyond a reasonable doubt, that she was not unchaste previous to the time of the alleged act of

sexual intercourse complained of in the information."
5. ———: INSTRUCTION AS TO TIME. Instruction mentioned in
the opinion as No. 7, held, under the facts in this case, free from
error.

ERROR to the district court for Franklin county: CHARLES
E. ELDRED, JUDGE. *Affirmed.*

*George W. Prather, J. T. Reed, A. W. Relihan* and *T. D. Relihan,* for plaintiff in error.

*O. S. Spillman, Attorney General,* and *Lloyd Dort, contra.*

Heard before MORRISSEY, C. J., LETTON, ROSE, DAY and GOOD, JJ., and REDICK, District Judge.

MORRISSEY, C. J.

Defendant was convicted in the district court for Franklin county of the crime of rape upon Ruby Shelton, a female child over the age of 16 years and under the age of 18 years. He prosecutes error to this court, alleging that the evidence is insufficient to sustain the conviction, and making other assignments which will be considered in their order. At the time the crime is alleged to have been committed, defendant was in charge of the telephone system in the village of Bloomington. He was 37 years of age and with his wife and family resided in the building wherein was installed the telephone exchange. There was direct access to that part of the building used by defendant and his family for residential purposes from that part of the building used in the telephone business. The crime is alleged to have been committed "on or about June 25, 1922." At the time charged and for about a month immediately preceding, prosecutrix was employed by defendant as a telephone operator. Prosecutrix was a member of a large family, and her mother was a widow who resided in the immediate neighborhood of the telephone exchange and by daily labor supported herself and her family. The members of prosecutrix' family and of defendant's family had been on intimate terms for many years. According to the story told by prosecutrix, on Sunday morning, June 25, 1922, de-

fendant's wife and children left their home in an automobile owned and driven by a friend of defendant and his family, and subsequent to the departure of defendant's wife and children defendant entered the operating room where prosecutrix was at work at the switchboard, and, after making some indecent remarks to prosecutrix, seized her by the hands and took her into a bedroom immediately adjacent to the operating room and there had sexual intercourse with her. Within a normal period of gestation, prosecutrix gave birth to a child. She testified that she never had sexual intercourse with any person other than defendant. Defendant directly contradicted the story of prosecutrix in so far as it incriminated him, and testified that he went with his wife and family to a picnic which was held that day a short distance from the village,· and in this way endeavored to prove an alibi. In his behalf there was also introduced evidence, which, if true, would show that prosecutrix was unchaste at the time the crime is alleged to have been committed. This evidence will be considered in another division of this opinion. Prosecutrix' story of the presence of defendant at the time and place alleged is corroborated by her sister who assisted prosecutrix in the management of the telephone exchange upon the day mentioned. Defendant's story as to his departure for, and presence at the picnic is also corroborated; thus on this very material question there is a direct conflict in the testimony which was resolved by the jury against defendant. Prosecutrix remained in the employ of defendant for several months following the incident related, and she testified that there were subsequent acts of intercourse between her and defendant, the dates not being fixed. She failed to inform her mother or any other person of what she alleges occurred that Sunday morning, and her pregnancy was not known for several months. Prosecutrix testified however, that, following the alleged assault, she informed her mother that she did not desire to continue in the employ of defendant, but she failed to give any reason for her desire to cease the employment, and her mother, being in ignorance of the assault, required her to remain

in defendant's employ.

Defendant testified that some time subsequent to the opening of the fall term of school, he heard gossip to the effect that prosecutrix was pregnant; that he talked the matter over with his wife, suggesting that somebody ought to look after prosecutrix, and that he went to prosecutrix and spoke to her on the subject, and that she told him the story was not true; that subsequent to this a young man of the village, whom the witness named, spoke to him about the girl's condition, and said that the girl was going to hold defendant responsible for it, but that the matter could be adjusted for $500; that defendant resented the imputation and stated that he would give nothing; that soon thereafter he again saw the prosecutrix, and that in a fit of anger and excitement he accused her of being in a conspiracy against him. The girl testified, in substance, that in November she had a conversation with defendant about her condition, and he offered to send her away, saying that "it would cost $500, and I told him that I did not want to leave. * * *  I told him that I did not want to go, and did not want to leave my folks and did not want to take an operation."

The rule is well established in this state that—

"In a prosecution for rape, it is not essential to a conviction that the prosecutrix should be corroborated by the testimony of other witnesses as to the particular act constituting the offense. It is sufficient if she be corroborated as to material facts and circumstances which tend to support her testimony, and from which, together with her testimony as to the principal fact, the inference of guilt may be drawn." *Fager v. State*, 22 Neb. 332.

And in *Kotouc v. State*, 104 Neb. 580, it is said:

"In a prosecution for rape, the corroboration of prosecutrix may consist of circumstantial evidence."

Having in mind the relation of the parties and the circumstances surrounding them and the whole story as it went to the jury, we are convinced that the evidence is ample to support the verdict returned as to the commission of the act charged.

Miller v. State.

On the question of the previous chastity of the girl, she testified that she never had sexual intercourse with any person other than defendant. Defendant, for the purpose of raising a question in the minds of the jury as to her previous chastity, called a number of witnesses who testified to conduct on the part of prosecutrix which, if true, would completely overthrow her claim to chastity. These witnesses were directly and positively contradicted by prosecutrix and other witnesses who had knowledge of the incidents related. At most, the testimony offered by defendant presented a question of fact for the jury. It was their province to determine the veracity of these witnesses, and they found, as appears to us entirely proper, that prosecutrix was not previously unchaste.

Criticism is made of a clause in instruction No. 6, which told the jury:

"As to the question of the previous chastity of Ruby Shelton, it is not necessary that her testimony that she was not previously unchaste be corroborated; it is sufficient, as to this point, if you are satisfied by the evidence, beyond a reasonable doubt, that she was not unchaste previous to the time of the alleged act of sexual intercourse complained of in the information."

This was proper. *Leedom v. State,* 81 Neb. 585.

The final assignment is directed against instruction No. 7, which permitted the jury to find defendant guilty, if they found that the crime charged was committed "on or about said 25th day of June, 1922." The criticism is directed to the phrase "on or about." It is said in the brief that the prosecution should have been required to prove that the act was committed on June 25, because the testimony of prosecutrix fixed that definite date as the day of its commission, and defendant's defense of an alibi was restricted likewise to that particular day. The assignment is without substantial merit. The information alleged that the act was committed "on or about June 25," and the instruction merely followed the language of the information. Furthermore, the testimony as a whole went to the proof of that date and none other, and the jury could not have

248 NEBRASKA REPORTS. [VOL. 112

State, ex rel. Sorensen, v. Chicago, B. & Q. R. Co.

been misled. The instruction was proper.

The record is free from error, and the judgment is

AFFIRMED.

Note—See Rape, 33 Cyc. pp. 1482, 1486, 1496, 1497—
Criminal Law, 16 C. J. p. 969, sec. 2364.