EDWARD KRUG v. STATE OF NEBRASKA.

FILED NOVEMBER 28, 1927. No. 25825.

*F. A. Hebenstreit,* for plaintiff in error.

*O. S. Spillman, Attorney General,* and *Harry Silverman,* contra.

Heard before GOSS, C. J., DAY, GOOD, THOMPSON and EBERLY, JJ., and REDICK, District Judge.

GOSS, C. J.

Edward Krug prosecutes error from a conviction for statutory rape. The defendant being over 18 years of age and the prosecutrix under that age, the requirements of the statute would be met by proof beyond a reasonable doubt that she was not previously unchaste, and that the parties had

sexual intercourse at or about the time alleged in the indictment.

The essential facts to be stated from the record to illustrate the chief error assigned are as follows: One evening about 7:45 early in January, 1926, Dorothy Crews and Hazel Davis were walking along the street in the village of Shubert, when the defendant in a small roadster drew up at the curb and invited them to ride. Hazel Davis did not accept, but the prosecutrix did. The defendant had recently come to town and worked in his grandfather's meat market. The grandfather had introduced him to Dorothy in the store a few days before this occurrence. Dorothy testified that the defendant drove out of town about half a mile, stopped his car, and after some objection on her part had sexual intercourse with her. They then returned to town after an absence of about 25 minutes and she found Hazel Davis and spent some time with her and others, as detailed in the evidence. The state claims a complaint was made by the prosecutrix to Hazel Davis soon after she returned from the ride, telling her friend that the defendant had intercourse with Dorothy since they last separated. This is all the record shows of the examination of Dorothy by the state on this point (omitting objections and rulings):

"Q. Now, did you tell anybody of this occurrence between yourself and the defendant that night, did you tell the Davis girl? A. Yes, sir; I did." The following is all the record shows of the cross-examination of prosecutrix on this point (omitting inapplicable matter): "Q. You say you told Miss Davis about this when you were going to the depot? A. Before I went to the depot. Q. What time was it you told her that? A. Well, it must have been about eight twenty. Q. Now, then, you say you went up in the barber shop didn't you after this happened? A. Yes, sir. Q. And who was in the barber shop? A. Her mother and Billy McArdle and herself was all. Q. Billy McArdle is Hazel Davis' step-father? A. Yes, sir. Q. And you stood there talking a while? A. Not very long. I told her I was thirsty; then we went into the kitchen and I got a drink and then I told her." The follow-

ing is the entire record of the testimony of Hazel Davis when examined by the state as to the complaint of the prosecutrix (omitting objections and rulings): "Q. Now, did you have a conversation with Dorothy? A. Yes, sir. Q. Did she tell you what took place between her and Eddie Krug? A. Yes, sir." The prosecutrix testified that she never told any of her family of the outrage until the last of May, after she discovered she was pregnant; and that she never told Eddie Krug about her pregnancy. Her child was born October 6, 1926.

The defendant denied any act of intercourse with the prosecutrix, and testified that, on the occasion in question, they drove around in the town about 15 minutes and never left the corporate limits. There was testimony by others as to his good character. No witness testified to anything unusual in the appearance or clothing of the prosecutrix, and witnesses who saw her just after the return from the ride with defendant testified that there was nothing out of the ordinary in her appearance, that she seemed to be in good humor, that neither her hair nor clothing were ruffled, and that she looked as if she had just come from home.

In this state of the record the court gave instruction No. 12, which reads as follows: "If you find that Dorothy Crews made complaint to Hazel Davis of the alleged intercourse with defendant soon after the time she testifies the act of intercourse took place with defendant, such may be received and considered by the jury in corroboration of her other testimony given in the case."

It is argued that this instruction assumes a condition not in evidence; that is to say, that it assumes that Hazel Davis testified that the prosecutrix, in complaining to her, told her that the defendant had intercourse with the prosecutrix.

Under our decisions the testimony of the prosecutrix in a rape case to the effect that she was not previously unchaste need not be corroborated. *Leedom v. State,* 81 Neb. 585; *Miller v. State,* 112 Neb. 243. Nor is it necessary that she be corroborated by other witnesses as to the particular act constituting the offense; but, if the defendant testifies

and explicitly denies the commission of the offense, the prosecutrix must then be so corroborated, as to material facts and circumstances tending to support her testimony as to the principal fact, that from all such testimony the guilt of the defendant is established beyond a reasonable doubt. *Fager v. State,* 22 Neb. 332; *Miller v. State,* 112 Neb. 243. We have further held that her positive and unequivocal testimony as to the main fact constituting the offense will be sufficiently corroborated, if opportunity and disposition on the part of the defendant to commit the offense are shown and if the circumstances proved by other witnesses tend to corroborate the testimony of prosecutrix. *Aller v. State,* 114 Neb. 59; *Whetstone v. State,* 99 Neb. 469; *Dawson v. State,* 96 Neb. 777. In a prosecution for rape, the prosecutrix may testify in chief, if within a reasonable time under all the circumstances after the act was committed she made complaint to another, to the fact and nature of the complaint, but not as to its details; and that other may likewise testify in chief to such fact and nature of the complaint, but not as to its details. Such testimony, together with all other facts and circumstances in evidence, may be considered by the jury in corroboration of the testimony of the prosecutrix on the trial as to the main fact in issue. 2 Wigmore, Evidence (2d ed.) secs. 1134, 1137; *Dunn v. State,* 58 Neb. 807.

"In a few jurisdictions the details of the complaint are held admissible for the purpose of corroborating the prosecutrix in a trial for rape, but the rule supported by the weight of authority is that the prosecutrix may testify merely to the fact of making a complaint, and on the direct examination the usual practice is merely to ask whether she made complaint that such an outrage had been perpetrated upon her, and to receive in answer only a simple yes or no. And a person to whom complaint has been made by the victim of a rape, when placed on the witness-stand, cannot be permitted to repeat all the details of the outrage as reported to the witness." 22 R. C. L. 1213, sec. 48.

The most applicable case we find in Nebraska is *Oleson v. State*, 11 Neb. 276, and relates directly only to the testimony of the prosecutrix. We think it contains the principle involved. The second point of the syllabus says: "In a prosecution for rape, the prosecutrix may be asked whether she made complaint of the injury; but the particulars, when not a part of the *res gestæ,* are not evidence of the truth of her statement, and cannot be given as evidence in chief."

Maxwell, C. J., who wrote the opinion, quotes, page 279, from Greenleaf, the following: "Though the prosecutrix may be asked whether she made complaint of the injury, and when and to whom, and the person to whom she complained is usually called to prove that fact, yet the particular facts which she stated are not admissible in evidence, except when elicited in cross-examination, or by way of confirming her testimony after it has been impeached. On the direct examination the practice has been merely to ask whether she made the complaint that such outrage had been perpetrated upon her, and to receive only a simple yes or no"—citing 1 Greenleaf, Evidence, sec. 213.

The prosecutor had in mind, and was attempting to follow, this rule, with which, as we understand its position, the state agrees. However, the answer of the witness, Hazel Davis, does not show that Dorothy Crews told her that she had had "intercourse with defendant," as implied in the instruction given by the court. The question asked her by the prosecutor did not contain any terms referring to any criminal act. He merely asked her if the prosecutrix told her what took place between the prosecutrix and defendant. So far as this record of Hazel Davis' examination shows, Dorothy may have told her that Eddie Krug kissed her, or proposed marriage to her, or refused to take her to the movie, or any of many things other than the fact of having committed the offense charged in the indictment and singled out in the instruction. He should have followed it up and put before the jury and into the record the nature of what the prosecutrix complained of to the witness. This instruction and a colloquy shown in the record between counsel,

in which the court participated, while the county attorney was making his argument, led several jurors to believe that Hazel Davis testified that Dorothy told her that the defendant had had intercourse with her while out on the ride in question, as is shown by their affidavits used in an attempt to obtain a new trial. To justify such an instruction, the record of the examination of Hazel Davis should have shown that she had testified to enough to indicate by itself that Dorothy Crews had complained to her that the defendant had raped her or had had intercourse with her at the time in question. We think the instruction was prejudicial to the rights of the defendant. Other errors are assigned and argued, but we do not deem it necessary to discuss them, in view of the fact that the case is for reversal.

For the reasons given, the judgment of the district court is reversed and the cause remanded.

REVERSED.