ARTHUR C. LAUGHREY, APPELLEE, v. VIOLA H. LAUGHREY, APPELLANT.

105 N. W. 2d 576

Filed November 4, 1960. No. 34841.

*Bernard Ptak,* for appellant.

*Hutton & Hutton,* for appellee.

Heard before CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CARTER, J.

Plaintiff, Arthur C. Laughrey, brought suit for divorce against the defendant, Viola H. Laughrey, on the ground of cruelty. Defendant denied the allegations of the petition and cross-petitioned for a divorce from bed and board. The trial court granted a divorce to the plaintiff and dismissed defendant's cross-petition. The defendant has appealed.

Plaintiff and defendant were married on July 13, 1956. At the time of the trial on March 4, 1960, plaintiff was 74 and defendant 71 years of age. Plaintiff testified that the marital difficulties of the parties commenced about a year after the marriage. He stated that the defendant refused to prepare meals and that he had to prepare his own. He stated that she insisted on keeping the temperature of the home at 70 degrees and this was too cold for him. He stated that because of the chilliness of the home when she was present, he lived in the utility room which was much warmer. Plaintiff stated also that defendant kept the volume on the television set so high it interfered with his sleep. He stated that this caused him great mental anguish amounting to extreme cruelty toward him.

The only evidence of corroboration was provided by Gilbert Lieswald. He testified that he had known the plaintiff about 8 years and had visited at plaintiff's home on four occasions. On three of the occasions defendant was not home and he found the home to be warm and comfortable. On the occasion when defendant was home he testified that the house was "kind of chilly" and that plaintiff was reading a paper in the utility room where it was warm and comfortable. This is all of the corroborative evidence that appears in the record.

A decree of divorce may not be granted in this state solely on the declarations, confessions, or admissions of the parties, and in all cases other satisfactory evidence of the facts alleged in the petition is required. § 42-335,

R. R. S. 1943. The corroboration must in itself be competent evidence of the acts and conduct asserted as a ground for divorce. Schwarting v. Schwarting, 158 Neb. 99, 62 N. W. 2d 315. The corroborative evidence in the instant case does not support the allegations of cruelty. There is no evidence that the chilly house on the one occasion testified to caused plaintiff any anguish or concern whatever. It is not corroborative of the charge of cruelty.

It is evident that the parties did not get along well after the first year of their marriage. But mere incompatibility, standing alone, is not a ground for divorce in this state. Smith v. Smith, 160 Neb. 120, 69 N. W. 2d 321. Extreme cruelty consists of acts or omissions of such a character as to destroy the peace of mind or impair the bodily health of the injured party, or to be such as to destroy the ends and objects of matrimony. Peterson v. Peterson, 153 Neb. 727, 46 N. W. 2d 126. There is no corroborative evidence to sustain such a conclusion in this case. The following language from Brown v. Brown, 130 Neb. 487, 265 N. W. 556, is particularly applicable: "It is not for this court to attempt to do what is best for the parties. The relief which should be granted is that provided by the statute upon the establishment of misconduct on the part of the defendant amounting to extreme cruelty. A decree of divorce from the bonds of matrimony should only be granted when the evidence brings the case within the definition of the statute providing for such relief. While it is apparent that the results of this marriage have at times been most unhappy, that is no sufficient cause named in the statutes for granting a decree of divorce."

The evidence is insufficient to sustain the granting of a divorce to the plaintiff. The decree of the district court is reversed and the cause is remanded with directions to the district court to dismiss the case and to tax the costs in that court to the plaintiff, including

the allowance of attorney's fees there made. The costs of this appeal are taxed to the plaintiff.

REVERSED AND REMANDED WITH DIRECTIONS.

SIMMONS, C. J., participating on briefs.