HOLLY CLARK, APPELLEE, v. ROY NORMAN CLARK, APPELLANT.

135 N. W. 2d 481

Filed June 4, 1965. No. 35901.

Schrempp, Lathrop & Rosenthal, for appellant.

Alfred A. Fiedler, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, BROWER, SMITH, and McCOWN, JJ.

BOSLAUGH, J.

This is an action for divorce brought by Holly Clark as plaintiff. Roy Norman Clark, the defendant, filed a cross-petition asking that he be granted a divorce. The trial court found generally for the plaintiff; awarded the custody of the minor child of the parties to her; ordered the defendant to pay child support in the amount of $25 every 2 weeks; and dismissed the cross-petition.

The defendant's motion for new trial was overruled and he has appealed.

The assignments of error relate only to the granting of the divorce to the plaintiff and the dismissal of the cross-petition. The defendant contends that the evidence is not sufficient to entitle the plaintiff to a divorce and that he should be granted a divorce upon his cross-petition.

The petition alleges that the defendant was guilty of extreme cruelty in that he struck the plaintiff on several occasions; that he had illicit relations with another woman in the family trailer; and that he constantly nagged, argued, and opposed the plaintiff, which caused her to develop a nervous condition requiring medical attention. For the purposes of this appeal it is unnecessary to consider any of the allegations other than those relating to the defendant striking the plaintiff.

The plaintiff testified that they had an argument about attending a bridal shower about 2 weeks after they were married and that the defendant struck her. The defendant admits striking the plaintiff on that occasion. On another occasion the parties had an argument about attending a church supper and the defendant again struck her.

On February 21, 1963, the parties had an argument in which the defendant beat, slapped, and kicked the plaintiff. The defendant admits that he struck the plaintiff at that time. On that occasion the owner of the trailer court came to the trailer house where the parties lived and told the defendant to quiet things down or they would have to leave. The plaintiff took the baby and went to another trailer where a Mrs. Slocum lived.

Mrs. Slocum testified that when the plaintiff came to her trailer she was crying, was hysterical, and that she had fingernail marks on her wrists and a large bruise on her hip. The plaintiff said that the defendant had beaten and kicked her. While the plaintiff was at the Slocum trailer, she telephoned her mother and the sheriff. On

the following day, Mrs. Slocum took the plaintiff to her parents' home. The plaintiff's mother testified that the plaintiff had bruises and scratches on her arms and a large bruise on her hip when she returned to their home.

The evidence shows acts of extreme cruelty on the part of the defendant which are sufficient to entitle the plaintiff to a divorce. Ordinarily, acts of personal violence by a husband toward his wife are not justified by conduct on the part of the wife that does not threaten bodily harm. Stephens v. Stephens, 143 Neb. 711, 10 N. W. 2d 620.

There is no general rule as to the degree of corroboration required in a divorce action. The determination as to the sufficiency of the corroboration in each case is made upon the facts and circumstances in that case. Kidder v. Kidder, 159 Neb. 666, 68 N. W. 2d 279. In this case there is sufficient corroboration as to the conduct of the defendant on the night before the parties separated.

The cross-petition contains a general allegation of extreme cruelty on the part of the plaintiff. The testimony of the defendant, for the most part, is not corroborated. There is evidence which is corroborated that the plaintiff was a poor housekeeper and that the trailer was in a state of extreme disorder when the plaintiff returned to her parents' home on February 22, 1963. However, there is some conflict in the evidence concerning this matter, and the trial court which heard the testimony and observed the witnesses concluded that the evidence was not sufficient to entitle the defendant to a divorce or prevent the granting of a divorce to the plaintiff. We think this conclusion was correct. The evidence as to the misconduct of the defendant transcends and outweighs the other evidence and justifies an award of a divorce to the plaintiff. See Cowan v. Cowan, 160 Neb. 74, 69 N. W. 2d 300. The cross-petition of the defendant was properly dismissed.

The judgment of the district court is affirmed. The

plaintiff is allowed $250 for the services of her attorney in this court.

AFFIRMED.