CLARA HUMANN. APPELLEE, V. FREDERICK O. HUMANN, APPELLANT.

144 N. W. 2d 723

Filed September 2, 1966. No. 36154.

Johnston & Grossman and Miles W. Johnston, Jr., for appellant.

Rollin R. Bailey, Davis, Thone, Bailey, Polsky & Hansen, for appellee.

Heard before CARTER, SPENCER, BOSLAUGH, BROWER, SMITH, and McCOWN, JJ., and KUNS, District Judge.

McCOWN, J.

Clara Humann, plaintiff and appellee, instituted this divorce action in the district court for Lancaster County, Nebraska. The case was transferred to the separate juvenile court of Lancaster County where Frederick O. Humann, defendant and appellant, filed his answer and cross-petition. After trial, the court found for the plaintiff upon the ground of extreme cruelty. Plaintiff was granted an absolute divorce. General custody of all the children was placed in the chief juvenile probation officer of the court. Physical custody of and support allowances for the three youngest children were granted to plaintiff. Physical custody of the two oldest children was granted to defendant. Defendant has appealed.

The record shows that the parties were married in October 1949, and had lived in Lincoln, Nebraska, continuously since that time. Five children were born to them between 1950 and 1958. Defendant held a perma-

nent job as a painter and also did outside work at various times. Plaintiff also had worked during most of their married life. The family had always been hard pressed financially, with consequent arguments and other disputes directly or indirectly related to finances. Plaintiff testified to conduct and various actions which she contended were cruel. However, the record reflects only two specific incidents which should be considered as the basis for the general finding of extreme cruelty. The first incident occurred in September 1964, while defendant was being treated in a hospital. The finding of extreme cruelty is not supported by sufficient evidence, however, as to this incident.

The second incident occurred in the home on February 7, 1965, and as to this incident, the critical question is the sufficiency of the corroborative testimony. The testimony of the plaintiff and defendant was in direct conflict. The plaintiff testified that the defendant grabbed her arms, struggled with her, and shoved her against the furniture and down to the floor; and that he tore her blouse, knocked a cup of coffee out of her hand and spilled it over her blouse, and tried to shove her down the back step. The defendant's version was that the plaintiff had a cup of coffee in her hand; that he placed his hands on her shoulders trying to talk with her; that she turned around and whirled; that his finger got caught in her blouse, which tore it; and that when she whirled, she kicked at him and spilled the coffee. He accounts for the bruises on her arms by suggesting that she must have hit her arm on the doorcasing when she was swinging at him. He denies that he grabbed her or did anything to cause any bruises.

Mrs. Marianne Rush testified that on February 8, 1965, she saw the plaintiff in the store and noticed her arm was black and blue and skinned. She was told by the plaintiff that the defendant had done it. Dr. E. T. Hobbs testified that the plaintiff consulted him on February 9, 1965, at his office; that she had bruises on her shoulders,

upper arms, and both knees; that there were four spots on her upper arm that were darker than the remainder of the bruised area; that these were on both arms; and that they would correspond to a finger or thumb pretty well. The history given to the doctor was that her husband had manhandled her and given her these bruises. Plaintiff and defendant each denied the other's version of the occurrence. No other persons were present and there was no testimony from others concerning the sounds of an altercation or the events at or immediately after the time of the occurrence.

The defendant asserts that the evidence is insufficient independent corroborative evidence under the provisions of section 42-335, R. R. S. 1943. That section provides: "No decree of divorce and of the nullity of a marriage shall be made solely on the declaration, confessions or admissions of the parties, but the court shall, in all cases, require other satisfactory evidence of the facts alleged in the petition for that purpose."

There is no general rule as to the degree of corroboration required in a divorce action. The determination as to the sufficiency of the corroboration in each case is made upon the facts and circumstances in that case. Ordinarily acts of personal violence by a husband toward his wife are not justified by conduct on the part of the wife that does not threaten bodily harm. Clark v. Clark, 178 Neb. 796, 135 N. W. 2d 481.

The case of Kidder v. Kidder, 159 Neb. 666, 68 N. W. 2d 279, appears determinative on the issue of corroboration. In that case, the plaintiff had testified that the defendant had struck her and raised a large lump on the side of her face, and that it became discolored. The defendant's version was that the plaintiff had threatened to strike him with a hammer, whereupon he fell against her, and she fell out of a jeep and in some manner received the injury. There were no witnesses to the incident, but three witnesses saw the lump on the day the blow was inflicted and were told by the plaintiff that

the lump resulted from striking by the defendant. This court held that this evidence was sufficient corroboration under the facts in that case.

In the case before us, the evidence of two witnesses tends to corroborate the plaintiff's version of the incident rather than the defendant's version. In some aspects of the facts, the determination of the issue of sufficiency of the evidence might well be said to be close. Under these circumstances, where the evidence is irreconcilable and in direct conflict, this court will consider that the trial court had the opportunity of observing the witnesses and their manner of testifying and must have accepted one version of the facts rather than the other. See Ivins v. Ivins, 171 Neb. 838, 108 N. W. 2d 99. Under the facts in this case, the corroboration was sufficient and the finding and determination of the separate juvenile court was correct.

The defendant contends that his evidence was sufficient to entitle him to a finding of extreme cruelty on the part of the plaintiff. In view of his testimony that he did not wish a divorce, but rather to be reconciled, it is not surprising that his evidence was weak. As to a complaint about the association of the plaintiff with another man, there was no evidence of misconduct upon her part. As to a complaint that plaintiff had threatened defendant with a knife, the evidence and corroboration was insufficient to show the making of such a threat, or if made, that it amounted to extreme cruelty. The trial court found correctly that there was insufficient evidence to support defendant's allegations in his cross-petition.

The defendant also assigns error in the division of custody of the children between the plaintiff and the defendant. At the trial, the two oldest children indicated that they wished to live with their father. The three youngest children did not testify, presumably because they had not attained the age and ability to express an intelligent preference as to custody. General custody of

all the children was placed with the chief juvenile probation officer of the court, with directions to place the physical custody of the three youngest children with the plaintiff and of the two oldest with the defendant.

Section 42-311, R. R.'S. 1943, provides in part: "Upon * * * decreeing a divorce, * * * the court * * * may determine with which of the parents the children or any of them shall remain." The defendant contends that it is contrary to public policy to divide custody of children between parents and thus separate the children. This is not the law. Waldbaum v. Waldbaum, 171 Neb. 625, 107 N. W. 2d 407. The record does not show any abuse of discretion by the trial court in making provision for the custody of the children and for the future maintenance of the children in plaintiff's custody.

For the reasons stated, the judgment of the separate juvenile court is affirmed. The plaintiff is allowed $250 for the services of her attorney in this court.

AFFIRMED.

KUNS, District Judge, dissenting.

I concur entirely with the portion of the decision by the majority which affirms the denial of the divorce to the defendant, the provisions for the custody of the children, and the support allowed to the plaintiff. I respectfully dissent, however, from the affirmance of the action of the trial court in granting a decree of absolute divorce to the plaintiff for the reasons hereinafter set forth.

The statement of facts in the majority opinion conforms to the record in all respects and there is no reason to question any finding with respect to the credibility of any of the witnesses, including the parties. The record, however, does not contain sufficient evidence to constitute corroboration, as required by section 42-335, R. R. S. 1943.

It should be recognized at the outset, that jurisdiction over the matter relating to divorce arises entirely from statute and has never been considered to be within the

equity jurisdiction of the court, even though divorce actions are tried as in equity. In Detter v. Erpelding, 176 Neb. 600, 126 N. W. 2d 827, it was said: "Divorce and its incidents are matters of public concern over which the Legislature has authority. What policies to adopt concerning its regulation are for it to decide and are not for the courts. * * * Jurisdiction of the court in matters relating to divorce and alimony is given by the statute, and every power exercised by the court with reference thereto must look for its source in the statute, or it does not exist." Similar statements are contained in Harrington v. Grieser, 154 Neb. 685, 48 N. W. 2d 753, and Cizek v. Cizek, on rehearing, 69 Neb. 800, 99 N. W. 28. A further statement of this principle is contained in Robinson v. Robinson, 164 Neb. 413, 82 N. W. 2d 550: "A marriage contract is one having a great public interest and it cannot be dissolved except when all conditions of controlling statutes are met. The parties to a marriage assume duties and obligations of a most solemn character. They may not be put aside at the will of the parties as in an ordinary partnership. A divorce or legal separation must be grounded on a legal fault within the grounds enumerated in the statute and *proved in the manner therein provided. One party may not create the grounds that will sustain him or her in maintaining such a suit.* It is not the province of the courts to grant such decrees for sociological reasons. The policy of the state relative to marriage is fixed by the Legislature. It is not for this court to do what it deems best for the parties. The only relief that may be granted is that provided by statute when the evidence is sufficient to bring the case within its purview." (Emphasis supplied.) This statement was reiterated in Birth v. Birth, 165 Neb. 11, 84 N. W. 2d 204. The requirement of corroboration is a matter of legislative policy and has remained unchanged in this state for a century, originally enacted in R. S. 1866, page 135, as a part of the original statutes of Nebraska. As stated in the majority opinion, this court

has logically declined to impose strict requirements concerning the degree or the sufficiency of proof of corroboration. Whenever this court, however, has considered the nature of corroboration, it has held that corroboration should amount to competent evidence and independent proof of the facts and grounds alleged in the petition. Goodman v. Goodman, 168 Neb. 841, 97 N. W. 2d 336; Laughrey v. Laughrey, 171 Neb. 132, 105 N. W. 2d 576; Conry v. Conry, 176 Neb. 396, 126 N. W. 2d 188. Corroboration, in this sense, is entirely different from the corroboration of the complainant in a rape or paternity case where the evidence is required only to support the complainant as a witness and need not amount to independent proof; in these cases, the fact that the witness complained soon after the offense is considered corroborative although the contents of such extrajudicial statements are not admissible in evidence nor considered proof of the facts alleged. State v. Meyers, 46 Neb. 152, 64 N. W. 697, 37 L. R. A. 423; Krug v. State, 116 Neb. 185, 216 N. W. 664; Peery v. State, 163 Neb. 628, 80 N. W. 2d 699.

In the majority opinion the holding of this court in Kidder v. Kidder, 159 Neb. 666, 68 N. W. 2d 279, is cited as a controlling precedent. This case, however, should be considered in the light of Green v. Green, 148 Neb. 19, 26 N. W. 2d 299; the syllabus is substantially the same as syllabus 1 of the majority opinion here; in the summary of the evidence, the court referred to the plaintiff's testimony that defendant had whipped their child severely and said: "The condition of the child after the whipping, showing marks on her body, was testified to by plaintiff's mother." There was no specific analysis of the reasons why such evidence was or was not adequate corroboration, and it is quite possible that the evidence in the record showed other details which might have made the corroboration entirely sufficient. In Kidder v. Kidder, *supra*, the evidence was quoted as showing that plaintiff received a lump and bruise on

her face, which she claimed resulted from a blow by defendant; other witnesses saw the lump and heard her statement that defendant had struck her. In disposing of the argument that the corroboration was not sufficient, the opinion said: "Unless this court is prepared to depart from its general holdings and the particular holding in Green v. Green, supra, it must be said that the testimony as to the incident of February 13, 1953, has been corroborated agreeable to the statute." Again, it is quite possible that additional circumstances might have been shown by the record entirely justifying this finding. It should be noted that this court has said repeatedly that the sufficiency of the corroborative evidence is determined upon the facts and circumstances of the particular case.

The use of plaintiff's extrajudicial statements to amplify corroborative evidence violates both the letter and the spirit of section 42-335, R. R. S. 1943. In this case the purported corroboration does not connect the defendant with the incident, even to the extent of having been present, nor does it indicate even slightly his actions or any intention of being cruel; plaintiff's injuries were not such that they must have been inflicted by defendant; and there are many available hypotheses to the effect that such bruises could have been caused without any cruelty whatever. If defendant had suddenly pulled his wife back to save her from being struck by an automobile, he might have created the exact situation considered by the court. The point is that when corroboration is based upon a circumstantial showing, such showing must be sufficient to prove the ground for the divorce against defendant, and not merely the effects of acts which, if done by defendant, might be grounds for divorce. Unless such a principle is recognized and carried into effect, a plaintiff might succeed in securing a decree of divorce by exhibiting and complainng of marks or scars claimed to have been inflicted by cruelty months or even years previously. If the court refrains from re-

ferring to the plaintiff's testimony or extrajudicial statements for the purpose of determining the sufficiency of corroboration, the legislative purpose will be accomplished; when such reference is made, it is almost inevitable that the decree will be made solely upon the declarations and statements of the plaintiff.

It has also long been a rule of evidence that the prior consistent statements of a witness may be utilized only to support the credibility of that witness after an attack upon his credibility; and such statements are not admissible unless they were made before the witness had any reason to expect that his testimony would be given. Plaintiff's extrajudicial statements should not have been received in evidence nor should they be given the slightest evidentiary weight. The purported corroboration does not support plaintiff's claim of cruelty unless her own evidence and statements are first believed and then used to build the corroboration to the extent deemed sufficient by the majority.

If the subject of divorce were confided to the discretion of the court in the exercise of its equitable jurisdiction, the holding by the majority might be justified. Until the Legislature relinquishes its authority over the subject, the court should not erode or change the clear requirements of the statute.

For these reasons, the decree of the trial court granting a decree of absolute divorce to the plaintiff ought to be reversed for want of sufficient corroboration.

CARTER and BROWER, JJ., join in this dissent.