BERNADETTE BAUER, APPELLEE, v. RICHARD BAUER, APPELLANT.

172 N. W. 2d 231

Filed November 21, 1969. No. 37171.

Littrell & Patz, for appellant.

Wilson, Barlow & Watson, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

WHITE, C. J.

In this divorce action, the defendant husband appeals from a decree granting the custody of two minor children, ages 8 and 12, to the plaintiff wife, and awarding child support and fixing a division of the property. On appeal, the defendant challenges the granting of the divorce to the plaintiff, asks that he be given custody of the two minor children, and attacks the division of property as being inequitable. We affirm the judgment of the trial court.

The parties were married in 1955. The two children, Richard and Deborah, were born in 1956 and 1960, respectively. The record reveals a personal incompatibility from almost the beginning of the marriage. The marriage spanned the defendant's Air Force career and the record supports a finding of unjust accusations by the defendant about plaintiff's behavior and physical struggles ensuing therefrom. On at least one occasion, when defendant was on a temporary overseas duty, the plaintiff took the children and moved to Texas, finally returning after approximately 6 months, at the defendant's request. During 3 or 4 months of such period of time defendant failed to support plaintiff and the children. It appears that the parties became reconciled after these disputes and difficulties and in the summer of 1963 the defendant was transferred from his station at Knob Noster, Missouri, to the Lincoln Air Force Base. Plaintiff and the children stayed in Missouri and in the summer of 1963 the plaintiff filed for a divorce. However, in December of 1963 the plaintiff joined the defendant in Lincoln and it appears that this reconciliation was motivated by the defendant's desire to have his family with him in order to get a promotion. This reconciliation resulted in a dismissal of the divorce action. The defendant during this period of time had been

sending $200 a month to plaintiff, in addition to paying her rent and utilities while she remained in Missouri with the children.

The record supports the finding that during the stay in Lincoln the defendant's attitude and temper became uncontrollable and abusive toward his family and the plaintiff. However, they remained together, and in January 1966 the defendant was transferred to Tennessee to attend an Air Force school. During his absence the defendant had agreed to send the plaintiff and the children $500 a month for support. About 3 or 4 months later he began sending her $525 a month. In June 1967 defendant decided he was going to leave the service and return to school. During this period of time the defendant received a $400 income tax refund and also received in excess of $14,000 in severance pay from the service, which latter amount plaintiff was unaware of until much later.

Defendant was separated from the Air Force in June 1967, and thereupon returned to Lincoln and advised the plaintiff that he was going to go to Milwaukee to attend school, that she and the children were coming with him, and that plaintiff was going to support him while he attended school. He also advised the plaintiff that if she did not come he would send her no more support money.

The defendant left Lincoln and after the incident recited above sent no more support money. Consequently in July 1967, plaintiff filed for a divorce on the grounds of extreme cruelty. In February 1968, plaintiff filed an amended petition alleging as an additional ground for divorce that defendant was able to provide suitable maintenance but that he had grossly, wantonly, and cruelly refused to do so. In May 1968 plaintiff made application for, and received, temporary child support. The plaintiff had received no support money from the defendant from June 1967 until May 1968. As a result thereof, she was forced to resort to full-time employment which was inadequate to pay the necessary bills for

food, clothing, rent, utilities, and the other necessary incidents of the standard of living the defendant had maintained for the family.

It is apparent that the evidence amply sustains, and we find that it does by a preponderance of the evidence, a finding of nonsupport on the part of the defendant. See § 42-302, R. R. S. 1943.

On the issue of extreme cruelty, the evidence was sharply conflicting and we shall neither encumber the record or embarrass the parties by a detailed recital of the conflicting versions given by the parties. The defendant asserts a lack of corroboration of the plaintiff's testimony under section 42-335, R. R. S. 1943, and also asserts a defense upon the technical ground of recrimination. Much of the background testimony is uncorroborated. But the sufficiency of the corroboration in a divorce case must be tested upon the particular facts and circumstances in each case. Humann v. Humann, 180 Neb. 719, 144 N. W. 2d 723. The trial court found for the plaintiff upon the issue of extreme cruelty and impliedly found there was adequate corroboration of her testimony. This finding is amply sustained by the testimony of the plaintiff's witness who stayed with the family in Lincoln for a considerable period of time and corroborated the fact that the defendant was a moody man and given to excessive outbursts of temper which were usually directed, in her presence, at the plaintiff or the children. Of vital importance in testing this issue on appeal, is the fact that the trial court, in weighing this type of evidence, had the opportunity to observe the witnesses and their manner of testifying and must have accepted one version of the facts rather than the other. Schalk v. Schalk, 168 Neb. 229, 95 N. W. 2d 545. There is ample evidence to sustain the trial court's finding of extreme cruelty and corroboration and we adopt it as our own on trial de novo in this court.

On the issue of recrimination, in substance, defendant asserts that there were utterances and conduct of the

plaintiff sufficient to bar her right to a divorce. Misconduct on the part of a plaintiff in an action for divorce, not amounting to a statutory ground for divorce, will not sustain a denial of the divorce on grounds of recrimination. § 42-304, R. R. S. 1943; Schalk v. Schalk, *supra;* Stephens v. Stephens, 143 Neb. 711, 10 N. W. 2d 620. Again, on this issue, the trial court's evaluation of the oral testimony has considerable weight on this court's determination on judicial review of the district court's decree and judgment. It is quite apparent from the record in this case that the alleged outbursts of temper on the part of the plaintiff were largely of a defensive nature and provoked by or occurred during the defendant's numerous outbursts of temper. The holding of the trial court that the plaintiff was entitled to an absolute decree of divorce on the grounds of extreme cruelty is sustained.

The trial court granted the custody of the children to the plaintiff mother. In determining the question of who should have the care and custody of the children, this court has repeatedly said that as between the parties the paramount consideration is the best interest and welfare of the children. Where the trial court has observed the witnesses and heard the testimony, and has made an independent investigation of the circumstances, if the decree in this respect is justified by the evidence, its discretion will ordinarily not be disturbed. Ross v. Ross, 174 Neb. 795, 119 N. W. 2d 495. In this case, the defendant himself requested an investigation of the custody situation by the juvenile probation office of Lancaster County. After hearing all of the evidence, including the report of investigation, the trial court concluded that the best interests of the children would be served by giving custody to the plaintiff with the defendant having reasonable visitation rights. The trial court also found that both parents were fit and proper to have the custody of the children. Ordinarily the custody of children of tender years should be awarded to

the mother unless it is affirmatively demonstrated that she is unsuitable, unfit, or unable to provide a good home. Hodges v. Hodges, 154 Neb. 178, 47 N. W. 2d 361; Bath v. Bath, 150 Neb. 591, 35 N. W. 2d 509; Hausman v. Shields, *ante* p. 88, 165 N. W. 2d 581. We also note that the defendant's residence is in Milwaukee. This court has held that ordinarily the custody of children of tender years in a divorce case should be kept within the jurisdiction of the court having control over them, unless the best interests of the children demand otherwise. Koch v. Koch, 175 Neb. 737, 123 N. W. 2d 642. Defendant argues that the two children expressed a preference to live with the defendant. Particularly with reference to children of tender years, this court has said that a child's statement, while deserving to be considered, should be closely scrutinized, is not controlling in the determination of custody. Bath v. Bath, *supra*. The testimony in this respect, on close examination, is equivocal. The children did not express any hostility or lack of love for their mother. The evidence reveals, if custody is placed with the father, that prospectively the actual care and detailed supervision of these children in the future will be placed with relatives of the defendant in Milwaukee, and this would follow a wrenching of the children from their school situation, their friends, and the continuing care and attention of their mother since their birth. The decree of the trial court awarding the custody of the children to the mother is correct and is affirmed.

The defendant asks us to review the determination of allowances for child support and division of property. The general principles to be followed in this determination are well settled and will not be repeated here. Jablonski v. Jablonski, 173 Neb. 544, 114 N. W. 2d 1.

We observe that the plaintiff is and has been gainfully employed and has contributed substantially, and especially during the periods when there has been a failure in support on the part of the defendant, to the

support of the children. Without reviewing the general background and status of the parties as heretofore recited in this opinion, it is apparent that the trial court's decree is eminently fair to both parties. The trial court awarded the sum of $75 per month for each child commencing September 1, 1968, as child support; awarded the plaintiff her personal property and effects; the household furniture and furnishings of the parties; the home and real estate located at 8145 Sanborn Drive, Lincoln, Nebraska, subject to any mortgage against the same; her insurance policy; her savings account in her own name containing approximately $1,950; an investment account in the plaintiff's name valued at approximately $2,200; a judgment in the amount of $750 representing child support from July 1, 1967, to June 1, 1968, during the period of time the defendant failed to support the family, at the rate of $150 per month, less a credit of $900 received by the plaintiff from the sale of defendant's one-half interest in a Piper airplane; and also awarded her the 1961 Chevrolet automobile that she has been using.

The defendant was awarded his personal property and effects; his 1966 Chevrolet automobile; 200 shares of Delta Airlines stock; 25 shares of Outboard Marine stock; United States savings bonds in the approximate amount of $3,550; his savings account in his name; his insurance policies; and all other property in the sole name of the defendant. We can find nothing in the evidence in this record or in the argument of the defendant that would justify an enlargement of the award to the defendant in this case. This is especially true in light of the fact that the plaintiff is required to support and maintain an adequate and suitable home for the care of her minor children, a requirement that will entail expenditures of substantial amounts of money in addition to the $150 per month specifically awarded for the care of the children.

The decree of the trial court granting an absolute

divorce to the plaintiff, the custody of the minor children, subject to reasonable visitation rights by the defendant, and the division of the property rights of the parties is in all respects correct and is affirmed. The costs of this action, including a reasonable attorney's fee for the plaintiff's attorney in the amount of $600, are taxed to the defendant.

The judgment of the separate juvenile court of Lancaster County is in all respects correct and is affirmed.

AFFIRMED.