ELMER CHARLES HAHN, APPELLANT, V. ELVIRA C. HAHN, APPELLEE.

138 N. W. 2d 722

Filed December 17, 1965. No. 36025.

Johnston & Grossman, for appellant.

Dwight Griffiths and Perry & Perry, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, BROWER, SMITH, and McCOWN, JJ.

BROWER, J.

Plaintiff and appellant Elmer Charles Hahn brought this action for divorce against the defendant and appellee Elvira C. Hahn in the district court for Lancaster County, Nebraska, on the ground of extreme cruelty. The defendant filed an answer and cross-petition. The answer, after admitting the marriage of the parties, their residence, and the children born of the union, contained a general denial. The cross-petition asked for a divorce on the grounds of cruelty therein alleged.

The case was tried on plaintiff's petition and the answer and cross-petition of the defendant. At the close of the plaintiff's case defendant's counsel made a motion to dismiss the plaintiff's petition because no grounds of extreme cruelty had been proved and there was no corroboration. The motion was sustained. The defendant then introduced evidence in support of her cross-petition and rested. The plaintiff moved to incorporate the plaintiff's testimony given in his case in reply to the defendant's testimony on her cross-petition in order to save time. The motion was never ruled on. This testimony is before us and will be considered by this court. The defendant having rested, plaintiff then moved to dismiss defendant's cross-petition for insufficiency of the evidence. The motion was overruled.

The court orally announced it would grant the defendant a divorce and gave the substance of its decision concerning the division of the property of the parties. A decree of divorce was thereafter entered accordingly. From an order overruling his motion for a new trial the plaintiff appeals to this court.

Plaintiff contends the trial court erred in dismissing plaintiff's petition and refusing to grant a divorce to plaintiff, and in refusing to sustain plaintiff's motion to

dismiss defendant's cross-petition. Other errors are assigned which are not necessary for us to discuss.

The parties intermarried at Johnson, Nebraska, December 8, 1932. They have two boys, one of whom was of age and married, and the other was 19 years old at the time of trial. When married they had no property. At first they operated a 240-acre farm in Johnson County which they rented. Sometime later plaintiff inherited 80 acres of land from his father's estate. They also bought 80 acres more from the other heirs, going in debt for its purchase. They both worked hard without modern facilities. Thereafter they farmed the 160 acres until 1955. At that time the defendant's health was bad. She attributed it to sinus trouble caused by the low place in which they lived and a general breakdown of her health. Plaintiff said she was allergic to something growing there. They had a measure of success in farming but because of defendant's poor health the farm was sold in 1955 apparently for either $17,000 or $19,000, and a sale of personal property brought in approximately $7,000 more. They then were indebted in an amount of approximately $13,000 which was paid out of the proceeds. After a trip to Arizona for the defendant's health, they returned to Johnson and in 1956 built a home near that of the defendant's parents on a 7½-acre tract owned by her father. The house cost $12,000 and is now clear and paid for.

In 1960 the plaintiff moved to Lincoln where he procured employment, the defendant staying in Johnson. Later in September the defendant came to Lincoln and brought the younger child with her. In Lincoln they first lived with Erma Anderson, the defendant's sister. Later they shared a home with Mr. Lathrop at Havelock. At the end of the school year in June 1961 the defendant took the younger child and moved back to their home built on her parent's property in Johnson. The parties have not lived in the same home since. While they were in Lincoln the defendant procured employment at the

Colonial Inn at $1 an hour. She later worked elsewhere at Auburn, Nebraska, and at Johnson.

Since selling the farm and equipment, the plaintiff has worked at a good many occupations at various places. He has changed his occupation quite frequently although it does not appear that he has been without work for any extended period. On several occasions he has been holding down two jobs at the same time. He at present is working as a guard in the state penitentiary and receives $300 a month, and $42 a week from an outside job when it is available. He, however, is apparently still in debt for a considerable amount.

The plaintiff testified that when the defendant left Lincoln and returned to Johnson, she refused to live with him and has refused to cohabit with him. Plaintiff did not refuse to live with the defendant. He asked her to live with him but being refused and after a period he gave up asking her. He supported the family. The parties have a joint bank account and plaintiff has been trying to pay off their debts. He has been unable to secure credit because the title to the land their house is on was held by her parents. Her father had promised him to convey the land on which it stands to them for $1 but now refuses. The defendant nags at him over financial matters which arose by building the house on her father's land and the inability to obtain a loan thereon. This makes him nervous and worries him. He thinks they cannot be reconciled.

On cross-examination he admitted writing a letter to defendant concerning a lady friend who had offered to help him financially. He claims she was a fellow employee. He had taken her in his car to and from work where they were employed, and had worked for her in painting and repairing her houses and at such times stayed in the home overnight in a separate room. He claims the relationship was proper. The letter itself was not offered in evidence.

Erma Anderson was called as a witness to corroborate

the evidence of plaintiff. She said the defendant was living in Johnson and the plaintiff in Lincoln. The parties have been separated ever since the defendant moved back to Johnson in June 1961. Many difficulties have arisen since. When the parties lived in her house at Lincoln they had no difficulties and no improper conduct was disclosed. She had talked with both parties in an attempt to effect a reconciliation. She knew nothing of the cause of the separation or their troubles except that related to her in the conversations with them. Apparently these conversations took place with each party separately. From these conversations the witness concluded the trouble arose because the plaintiff was trying to clear up their debts and the defendant wanted plaintiff home more. She thought they should be reconciled because they had both worked so hard together.

On cross-examination the witness stated she had talked with defendant about the letter written by plaintiff concerning the other woman. At defendant's request she had in turn spoken to the plaintiff about it. Plaintiff told her he and the other woman both worked at the same place. She had asked plaintiff to take her for a ride in his car and he had done so. When asked if he had told her he had been seeing the other woman, the witness answered: "I can't remember exactly, but I believe so." Plaintiff had purchased a new car while in Lincoln. While the couple were at her home the defendant paid the rent and bought the groceries. The witness said she had very little to do about their finances.

At this point the plaintiff rested and the defendant's motion to dismiss plaintiff's petition was sustained.

The same Mrs. Erma Anderson was then examined as a corroborating witness for defendant. Her testimony consisted of a description of the hard work of the defendant while on the farm at the home and in the field. She stated the defendant had been a good mother. Defendant paid her $10 a week while living with her.

She thought the defendant paid in cash but was not sure. The witness never saw the defendant cash her paycheck but assumed the rent came from her wages because it was paid in cash and she was working then. She said plaintiff changed jobs quite often. There was no cross-examination.

The defendant then testified. She told of her hard work on the farm under adverse circumstances without modern equipment. Plaintiff did not ask her to come to Lincoln at first. She and the boy followed. She paid the rent out of her funds earned. They had a joint checking account. She moved back to Johnson because plaintiff was put on a commission and earned little, and her health was giving out and she could not handle her job. He visited her there at irregular intervals. They had marital relations up to the early part of 1962. Plaintiff changed work frequently and she testified of his various positions and places of employment. He often started working on a salary which was changed to a commission after which he received very little compensation. At times the joint checking account was exhausted and she was forced to borrow money to replenish it. She received the plaintiff's letter telling of the other woman. Plaintiff had shown her pictures of this woman and said he had been with her.

On cross-examination she admitted the plaintiff at times held down two jobs at once. She said plaintiff spent all of his money on his car payments and such things and never brought any home. She admitted that they had a joint bank account all through their married life, that her earnings in some cases after buying certain articles and paying certain bills went into this joint account, and her husband's earnings were placed there too. After coming to Lincoln her savings went to pay the bills and there was little left to put in the bank. His earnings were still placed in the joint account. They could both write checks on it. On returning to Johnson she had procured employment there. They had gotten

into debt and apparently still owed $4,000 to members of the plaintiff's family, borrowed to buy the farm. She did not know about this until after they built the house. Building bills were left from the house for a time. Some bills were paid out of the joint account but she first put money in it. She said the main trouble was when she left Lincoln because she was paying the bills and he was running about hunting for work and the house at Johnson was vacant. As he was going with the other woman and living in her apartment she told him if he straightened out they might be reconciled but he insisted he wanted his freedom. She had nothing to do with the deed to their house but her parents had stated when they did not need it any more it would be hers and they would give it to her by will. She feels they cannot be reconciled now.

At the conclusion of this evidence the defendant rested and the plaintiff's counsel moved to dismiss the defendant's cross-petition for insufficiency of the evidence which the trial court overruled.

Section 42-335, R. R. S. 1943, reads as follows: "No decree of divorce and of the nullity of a marriage shall be made solely on the declaration, confessions or admissions of the parties, but the court shall, in all cases, require other satisfactory evidence of the facts alleged in the petition for that purpose."

In Birth v. Birth, 165 Neb. 11, 84 N. W. 2d 204, this court in its syllabi held: "A decree of divorce from the bonds of matrimony should only be granted when the evidence brings the case within the definition of the statute providing for such relief.

"Section 42-335, R. R. S. 1943, means that corroborative evidence other than the declarations, confessions, or admissions of the parties is required of the acts or conduct asserted as grounds for a divorce." Many previous cases are there cited where this court has followed the same rules.

We have heretofore set forth in considerable detail the

evidence in the case before us. The only corroboration of the testimony of either party with respect to the acts and conduct of the other party which might offer any ground for a divorce is the testimony of Erma Anderson. She did not testify as to any marital misconduct which she herself observed nor to acts or conduct that came to her personal attention. She only testified as to declarations, confessions, or admissions made to her by the parties themselves.

The corroborating witness knew nothing of the circumstances or reasons for the wife leaving the husband and returning to Johnson, nor of the troubles with respect to building the home upon the land of the defendant's father save through the declarations and admissions of the parties. The plaintiff did not produce evidence showing extreme cruelty and entitling him to a divorce, and the court did not err in sustaining the motion to dismiss the plaintiff's petition.

Likewise this witness had no personal knowledge of the plaintiff's association with the woman concerning whom the plaintiff wrote to the defendant aside from the declarations, admissions, and confessions of the parties. We are therefore not required to consider this evidence nor the plaintiff's attempt to explain his conduct and to come to a conclusion concerning it. It was not corroborated as required by the statute. The witness had no personal knowledge of the parties' financial dealings except she assumed the defendant paid certain rents because they were paid by her in cash. Neither would this prove the plaintiff had cruelly neglected to provide for his wife if true. The allegations of defendant's cross-petition to entitle her to a divorce because of extreme cruelty were in no respects corroborated as required by the statute. The trial court erred in not sustaining the motion to dismiss the defendant's cross-petition and in granting a divorce to the defendant thereon.

The judgment of the trial court in dismissing the plaintiff's petition is affirmed, and its judgment in overruling

the plaintiff's motion to dismiss defendant's cross-petition and granting her a decree of divorce thereon is reversed and the cause remanded with directions to dismiss the cross-petition.

AFFIRMED IN PART, AND IN PART REVERSED
AND REMANDED WITH DIRECTIONS.